This is a workmen's compensation case.
John T. White, Jr. was an employee of Conagra in its chicken hatchery at Moulton, Alabama. He was injured while acting within the scope of his employment. He suffered a fracture of the third phalanx of his left forefinger and apparently a fracture of the same bone immediately behind the knuckle in the hand. The hand and finger were immediately placed in a cast. After removal of the cast, a splint was worn for three or four weeks. White returned to his job the day following the injury and lost no time due to the injury except for visits to the doctor. He has now regained much use of the hand and finger and is able to perform his job as ably as before the injury.
There is some inability to completely close his fist due to a slight stiffness in the forefinger. He is not able to pick up or grip objects using the forefinger as well as before injury. He is right-handed. There was no medical testimony as to the injury, amount of disability or degree of permanent loss of use of either the hand or forefinger. On several occasions, White was directed to exhibit his hand to the court to show that the injured forefinger differed from the right one by about one-quarter inch. He was directed to show the court whether or not he could make a fist. Mr. White stated he could not grip a hammer, a posthole digger, or a sack of flour, or pull the trigger on a chain saw because of stiffness of the finger. He does not often drive his automobile with his left hand because of the stiffness of the forefinger.
Observers of Mr. White's performance of his job since his injury note no difficulty in his using his left hand to grip and hold a high pressure water hose. Mr. White stated no difficulty in presently doing his work.
The court entered a finding that Mr. White's ability to earn had been permanently impaired and that he sustained a seventy percent (70%) permanent partial disability to his left hand under Title 26, Sec. 279 (C)(1), (3). An award of 170 weeks at $48.02 per week was given.
The issue on appeal is whether the evidence is sufficient to support the finding of a 70% permanent partial disability to the hand.
Recognizing, as we must, that the duty of this court in reviewing workmen's compensation cases is to determine only if there is any legal evidence to support the findings of the trial court, we are unable to reverse in this case. Tiger MotorCo. v. Winslett, 278 Ala. 108, 176 So.2d 39 (1965).
It has been stated in prior cases that medical testimony is not necessary to a determination by the trial court of the permanency of an injury nor to the percentage of loss of use of the injured member. Stewart v. Busby, 51 Ala. App. 242,284 So.2d 269 (1973). The trial court having heard the testimony of the claimant as to his ability to use his hand and finger, and having had demonstrated to it the appearance and extent of flexion, we cannot say that the evidence and its reasonable inferences fail to support the conclusion of the court. The legislature has directed that our review not reach the weight of the evidence *Page 504 
before the trial court. Alabama Textile Products Corp. v.Grantham, 263 Ala. 179, 82 So.2d 204 (1955).
If medical evidence would have aided the trial court, in reaching a different conclusion the orthopedist, who treated claimant initially and saw him some 21 times thereafter, was presumably available to subpoena by defendant.
Though not presented as error on appeal and therefore not basis for reversal, it is evident that the court erred in its finding of a permanent impairment of earning capacity and in the calculation of compensation. We point out such error so that the court may note it for future consideration.
In loss of or loss of use of a scheduled member the loss of wages or earning ability is not directly concerned in determining compensation. The employee is entitled to be compensated according to the schedule regardless of how much he may earn thereafter. Agricola Furnace Co. v. Smith, 239 Ala. 488,195 So. 743 (1940); Title 26, Sec. 279 (C)(1), (3); 2 Larson, Workmen's Compensation Law, Sec. 58.11. If the disability awarded was based on loss of earning ability, it was determined erroneously.
The judgment also contains an improper award of compensation. Sec. 279 (C)(3) provides the formula for the award in cases of loss of use of a scheduled member. Based upon the finding of a 70% loss of use of a hand, Mr. White would have been entitled to 70% of 170 weeks or 119 weeks at a rate of 66 2/3% of $103 per week. It is evident that the court used the 170 weeks provided by the schedule for loss of a hand and then computed the amount per week as if subsection (C)(6) of Sec. 279 applied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.