This is a workmen's compensation case.
On August 21, 1975 plaintiff (Linda Cochrum), while an employee of defendant (Kinro Industries, A Corporation), was injured while lifting and moving machine dies. She was examined and treated by a doctor on the day of the injury. Later the same day she was placed in the hospital and remained there for about two weeks. During her convalescence in the hospital, plaintiff received treatment for a back injury. She was also fitted for a back brace. Plaintiff was subsequently referred to a doctor who specialized in orthopedics. While under his care, she received further treatment and tests including a myelogram. She was still under the care of this physician at the time of trial.
At the trial, plaintiff testified that from the date of the accident until the time of the trial, she had suffered constant pain in her lower back and left leg. Moreover, she stated that she was unable to accomplish a substantial portion of her household tasks and that she required frequent intervals of rest in order to perform those tasks which were completed. She also testified that she had been unable to return to work due to the pain in her back and leg.
When called as a witness on behalf of plaintiff, the orthopedist who treated her stated that plaintiff had a ten percent disability to the body as a whole, but would be unable to return to the type work which she had been doing prior to her injury.
After the presentation of evidence by both parties, the trial court found that as a result of the job related injury to her back, plaintiff had suffered a thirty percent permanent partial disability to her body and to her ability to earn a living. An award was made in a lump sum with the requirement that it not be commuted. Defendant's motion for new trial was overruled and it presented a writ of certiorari to this court asking for a review of the trial court's judgment.
On appeal, defendant takes the position that the trial court's judgment that plaintiff suffered a thirty percent permanent partial disability to her body and to her ability to earn a living is unsupported by the evidence.
However, in assessing defendant's contention, we would point out that in reviewing workmen's compensation cases our duty is to ascertain whether there is any legal evidence to support the findings of the trial court. And where such evidence is set out in the record before this court, it is our *Page 458 
duty to affirm the trial court's judgment. Conagra v. White, Ala.Civ.App., 348 So.2d 502 (1977).
In the case at bar the evidence demonstrates that plaintiff had never incurred difficulties with her back until the accident. Since the accident, however, she has suffered constant pain. In addition, she tires easily and is unable to perform all of her household chores. As a result of the accident, she can no longer work at the only type employment for which she has been trained, i.e. production type work. Her education is limited (the eighth grade being the last grade she completed), and she is not sufficiently trained to work in any other capacity for her former employer.
And despite the fact that the medical testimony was to the effect that plaintiff had only a ten percent disability to the body as a whole, the court heard the plaintiff's testimony and also observed her while testifying and while in the courtroom. Based on the evidence in the record, and the inferences to be gained therefrom, we are unable to say that the trial court's finding of thirty percent permanent partial disability is erroneous.
The next issue presented by defendant on appeal pertains to his contention that the trial court had no authority to make a lump-sum award nor to hold that the award could not be commuted.
Defendant relies on section 20 of Act No. 86, Acts of Alabama 1975, 4th Sp. Sess. (approved on November 13, 1975) in support of his contention.
Section 20 provides:
 "The provisions of this act shall be applicable with respect to all accidents occurring after the act shall become effective, except that the provisions of Section 9 amending Section 299 of Title 26, as last amended shall apply to all cases or proceedings pending at the time the act becomes effective or thereafter commenced."
Moreover, defendant submits that although prior to the passage of Act No. 86 a trial court was permitted to order lump-sum payments to be made to an injured party, Title 26, Section 279 (C)(9), Code of Alabama 1940 (Recomp. 1958) (1973 Supp.), section 5 of the act repealed the latter provision and it was replaced by Title 26, section 299, Code of Alabama 1940 (Recomp. 1958) (1973 Supp.). Title 26, Section 299 provides that awards in workmen's compensation cases may only be commuted to one or more lump-sum payments upon agreement of the parties and approval of the trial court.
However, the statutory provisions found in Act No. 86 and relied upon by defendant on appeal are inapplicable in the present case. As we stated in B.F. Goodrich Co. v. Butler, Ala.Civ.App., 336 So.2d 1357 (1976):
 ". . . Section 5 is by the terms of § 20, discussed above, not applicable to accidents occurring before enactment. It is lump-sum payment by court order which is at issue in this case, and it is therefore unaffected by the § 5 repeal. Any other conclusion would do violence to the natural import of § 20 and to accepted modes of language usage."
In the instant case the accident occurred on August 21, 1975 and the complaint was filed on April 30, 1976. Thus, the accident occurred prior to the effective date of Act No. 86. Consequently, section 279 (C)(9) was still the controlling law with regard to plaintiff's claim. The trial court followed section 279 (C)(9) in ordering a lump-sum payment to plaintiff as an injured party. The court had the right to make such an award. Therefore, there is no error in this aspect of the trial court's judgment.
No reversible error having been argued, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 459