EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a workmen’s compensation case.
The only issue raised by defendant upon its appeal is whether the trial judge’s finding that the plaintiff was permanently partially disabled to the extent of fifty percent was supported by the evidence. Only the degree of disability is in dispute.
The decision in Cochrum v. Kinro Industries, Inc., 352 So.2d 456 (Ala.Civ.App.1977) is very much in point. It was therein stated:
On appeal, defendant takes the position that the trial court’s judgment that plaintiff suffered a thirty percent permanent partial disability to her body and to her ability to earn a living is unsupported by the evidence.
However, in assessing defendant’s contention, we would point out that in reviewing workmen’s compensation cases our duty is to ascertain whether there is any legal evidence to support the findings of the trial court. And where such evidence is set out in the record before this court, it is our duty to affirm the trial court’s judgment. Conagra v. White, Ala.Civ.App., 348 So.2d 502 (1977)
In the case at bar the evidence demonstrates that plaintiff had never incurred difficulties with her back until the accident. Since the accident, however, she has suffered constant pain. In addition, she tires easily and is unable to perform all of her household chores. As a result of the accident, she can no longer work at the only type employment for which she has been trained, i. e. production type work. Her education is limited (the eighth grade being the last grade she completed), and she is not sufficiently trained to work in any other capacity for her former employer.
And despite the fact that the medical testimony was to the effect that plaintiff had only a ten percent disability to the body as a whole, the court heard the plaintiff’s testimony and also observed her while testifying and while in the courtroom. Based on the evidence in the record, and the inferences to be • gained therefrom, we are unable to say that the trial court’s finding of thirty percent permanent partial disability is erroneous.
The similarity of the facts in the instant case and in Cochrum, supra, is so striking that we will not burden this decision by rehashing the facts. However, we assure sincere and dedicated counsel for the defendant that we have carefully read, studied, compared and reviewed all of the evidence in this case and ascertain that the *1321 legal evidence, or inferences therefrom, support the findings of the trial court. Thus, we cannot hold that the circuit judge’s decision of a fifty percent permanent partial disability was erroneous. Farmers Gin Co., Inc. v. Rose, 374 So.2d 351 (Ala.Civ.App.1979); Conagra v. White, 348 So.2d 502 (Ala.Civ.App.1977); Unexcelled Manufacturing Corp. v. Ragland, 52 Ala. App. 57, 289 So.2d 626 (1974); Ala.Dig., Workmen’s Compensation, Key Nos. 1939, 1940. We, therefore, must affirm the workmen’s compensation award in this case.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama (1975). His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.