This is a workmen's compensation case.
David Jackson was employed by Dunlop Tire and Rubber Corporation as a first stage tire builder. On March 28, 1984 a roll of ply which Jackson was hoisting came out of its frame and struck his right knee. Jackson was referred to Dr. R. Charles Morley, Jr., an orthopedic surgeon, who performed arthroscopic surgery on Jackson's right knee.
Dr. Morley permanently restricted Jackson from crawling, climbing, and prolonged standing or squatting. After Dr. Morley issued these restrictions, Jackson was assigned to the position of industrial forklift operator.
Jackson later filed a complaint against his employer, seeking workmen's compensation benefits. Subsequently a hearing was held, at which both parties agreed that the sole issue before the court was the percentage of loss of use in Jackson's right leg.
Ivan R. Williams, who has a master's degree in vocational rehabilitation counseling *Page 941 
and who has several years of work experience in evaluating disabled individuals to determine their vocational potential or employability, testified at the hearing. Williams said that, in his opinion, the employee had suffered a seventy to seventy-five percent employability loss.
The deposition of Dr. Morley was introduced into evidence at the hearing. In his deposition, Dr. Morley stated that Jackson had suffered a twenty percent permanent partial physical impairment to his right knee.
The employee testified at the hearing about the accident and his resulting injuries and disability.
The trial court entered an order which stated in pertinent part:
 "The Court finds that following plaintiff's period of temporary total disability the plaintiff was permanently partially disabled, physically and occupationally, resulting in a permanent partial loss of ability to earn and that the extent of this loss and amount of compensation due are material bona fide disputed issues of fact. The Court finds, therefore, that the plaintiff has a twenty percent (20%) loss of use of the right leg and is entitled to compensation."
Jackson appeals from this order. Jackson's first contention is that there was no evidence introduced at trial to support the trial court's finding of twenty percent loss of use. In a workmen's compensation case this court will uphold the trial court's decision if there is any legal evidence to support such a decision. Hill v. J.P. Stevens Co., 360 So.2d 1035
(Ala.Civ.App. 1978). In the case at bar the trial court not only had the benefit of Dr. Morley's testimony as to the extent of employee's disability, but it also had the employee's testimony upon which to base a finding of loss of use of employee's right leg. We consider this evidence sufficient to support the trial court's finding of a twenty percent loss of use of employee's right leg.
Jackson next contends that the trial court erred by not computing his benefits on the basis of a seventy percent or seventy-five percent loss of use of his right leg as testified to by the vocational expert.
A trial court is not bound by the testimony of experts, even if their testimony is uncontroverted. Jr. Food Stores v.Garvin, 447 So.2d 794 (Ala.Civ.App. 1984). The trial court, therefore, was not required to accept the testimony of the vocational expert any more than it was required to accept the testimony of Dr. Morley. The trial court is the trier of fact. It weighs all of the evidence, including the experts' testimony, and then decides what to do. Edgewood Service Centerv. Hogan, 440 So.2d 1076 (Ala.Civ.App. 1983). This court merely looks to see if there is any evidence to support the trial court's findings of fact. Conagra v. White, 348 So.2d 502
(Ala.Civ.App. 1977). We conclude that there was evidence to support the trial court's finding that Jackson had a twenty percent loss of use of his right leg.
Jackson finally contends that the trial court erred by considering loss of ability to earn when determining the degree of loss of use in his right leg.
Sections 25-5-57 (a)(3)a. and -57 (a)(3)d., Code 1975, govern compensation for the loss of or the loss of use of a scheduled member, and section 25-5-57 (a)(3)g., Code 1975, which governs the amount to be awarded in loss of ability to earn cases, should not be considered in making awards for loss of use of a member. Conagra v. White, supra.
Jackson bases his contention that the trial court did consider loss of ability to earn in calculating the benefits to be awarded for loss of use of his right leg on the statement made by the trial court in its findings of fact that employee's disablement resulted in a "loss of ability to earn."
Notwithstanding the use of this phrase in its findings of fact, the trial court also found that employee had suffered a twenty percent loss of use of his right leg and was thereby due compensation. Moreover, it appears that the trial court used the formula for computing benefits due the *Page 942 
employee as directed by sections 25-5-57 (a)(3)a. and -57 (a)(3)d., Code 1975. Use of such formula would necessarily negate the inference that the trial court had considered loss of ability to earn in calculating the benefits due employee. Therefore, we conclude that the trial court did not use the wrong formula for computing benefits due to be paid to Jackson, even though it inadvertently used the phrase "loss of ability to earn" in its findings of fact.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.