RUSSELL, Judge.
This is a workmen’s compensation case.
Following an ore tenus hearing, the trial court found that for a period beginning June 1,1985, until July 1,1987, the employee was temporarily and totally disabled as a result of two work-related accidents occurring on June 1, 1985, and July 12, 1985. The court further found the employee to be permanently and totally disabled as of July 1, 1987.
The employer appeals. We affirm in part, reverse in part, and remand.
On appeal, the employer asserts several points of alleged error by the trial *1058 court in reaching its conclusion. Initially, we note that the standard of review in workmen’s compensation cases is limited to a determination of whether there is any evidence to support the trial court’s findings of fact. Floyd v. Housing Authority of Troy, 397 So.2d 136 (Ala.Civ.App.1981). If there is any legal evidence to support the trial court’s findings, this court will affirm. Washington v. Warrior Tractor & Equipment Co., 487 So.2d 1371 (Ala.Civ.App.1986).
The employer first contends that there was no evidence to support the trial court’s finding of permanent total disability. We disagree. This court has held that permanent total disability is the inability to obtain gainful employment or the inability to perform one’s trade. Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App.1982). Furthermore, total disability does not require that the employee be rendered absolutely helpless or entirely physically disabled. Id. In making its findings, the trial court must look to the entire evidence, as well as to its own observations. Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App.1985).
We find that there is legal evidence to support the trial court’s finding of permanent total disability. In its findings of fact, the court sets forth extensive testimony by Dr. Fain Guthrie regarding the vocational impairment of the employee as support for its conclusion. Dr. Guthrie found that the employee suffered a decrease in his employment opportunities of eighty to ninety percent from his previous capability. In addition, the employee testified that he suffered continuing pain and dizziness which prevented him from securing and maintaining employment. Although there was conflicting testimony, we note, once again, that the weight of the evidence is for the trial court’s determination. Bankhead Forest Industries, Inc., 423 So.2d 899.
The employer further contends that the, trial court erred by continuing the hearing in order to conduct further vocational and psychological testing of the employee and by subsequently issuing a ruling without having reconvened. The employer asserts that the court should have exercised its discretion to hear additional evidence. We find no persuasive authority for this proposition, even considering the authorities cited by the employer. In fact, the results of tests conducted pursuant to the court’s order were included as evidence used by the court in reaching its decision. Furthermore, following the employee’s motion to set the case for final order, the employer at no time moved for additional hearings. Consequently, we find that the employer was not deprived of due process as a result of the trial court’s action.
The employer also asserts that there was insufficient evidence to support a finding of medical causation with respect to injuries the employee sustained to his teeth. Although the record reveals that the employee also sustained extensive injuries to his head and lower back, the employer does not contest a finding of such causation as regards those injuries. If there is any evidence to support the trial court’s conclusion that medical causation was established, we must affirm. American Automobile Insurance Co. v. Hinote, 498 So.2d 848 (Ala.Civ.App.1986). We find such evidence to exist. The employee testified that, as a result of the first accident, he sustained an injury to his teeth which was worsened by the second accident. We find such testimony sufficient to support the trial court’s finding of medical causation.
The employer next contends that there was no evidence of the reasonableness or necessity of medical expenses incurred by the employee as a result of his injury. The employee responds by saying that the evidence which supports the trial court’s finding of total disability is also evidence of the reasonable necessity of his expenses. Such evidence consisted of testimony regarding the severity of the employee’s injury, the number of physicians he consulted, and the different treatments and diagnostic tests he required. See TG & Y Stores Co. v. Higdon, 437 So.2d 1035 (Ala.Civ.App.1983). We find this testimony to *1059 be sufficient to support a conclusion that the medical expenses of the employee were reasonably necessary.
The employer further contends that the trial court erred in calculating the amount of future compensation to be paid to the employee by failing to reduce that award by the amount of the lump sum attorney’s fee. We agree. In its order the trial court erred by failing to first reduce the aggregate of the future award prior to calculating the fifteen percent attorney fees. Then the court failed to reduce the present value of the aggregate award by the amount determined to be attorney fees.
In Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988), the supreme court held that a trial court, when exercising its discretion to order payment of a lump sum attorney’s fee in a total permanent disability case, must reduce the periodic monthly payments to the injured workman to present value.[1] Following the formula set out in that case, a trial court, prior to computing the fifteen percent attorney fee, must first reduce the aggregate of the future award to its present value. Fifteen percent of that figure represents the amount of the fee due to the employee’s attorney with respect to the future award. The amount of this fee is next deducted from the present value of the aggregate award, with the resulting figure representing the employee’s “life expectancy award.” Finally, this reduced amount is used to calculate, at the six percent annual discount rate, the amount of weekly benefits the employee is entitled to during the period of his life expectancy.
Because the trial court improperly computed the amount to be awarded to the employee as future compensation, as well as the concomitant award of attorney fees, we reverse and remand for recomputation of the award in accordance with the formula set out above.
Finally, the employer asserts that the trial court failed to set forth conclusions of law in its order as required by § 25-5-88, Ala.Code 1975 (1986 Repl.Vol.). We do not agree. The judgment sets forth the applicable legal principles, followed by detailed findings of fact. Furthermore, “substantial compliance” is sufficient to satisfy this statute’s requirement that the trial court detail findings of fact in workmen’s compensation cases. Benefield v. Goodwill Industries, 473 So.2d 505 (Ala.Civ.App.1985).
For the reasons above, we affirm in part, reverse in part, and remand with instructions that the trial court enter a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.

. For a detailed explanation regarding the calculation of the present value of future payments in workmen’s compensation cases, see Hutchinson, Method for Calculating Present Value of Future Payments in Worker's Compensation Cases, 50 Ala.Law. 182 (July 1989).