After an ore tenus proceeding, the trial court found that the employee had suffered a five percent loss of use of a scheduled member, his leg, as a result of a knee injury. The employee appeals.
The dispositive issue on appeal is whether the trial court erred in finding that the knee injury resulted in only a five percent loss of use to the leg. See Ala. Code 1975, §25-5-57(a)(3)d. *Page 645 
The record, in pertinent part, reveals the following: The employee received an injury to his knee while in the line and scope of his employment. This injury required the employee to undergo knee surgery, physical therapy, and post-operative care and treatment. The parties stipulated at trial that the employee's injury was a scheduled injury and that the only issue before the trial court was the percentage of loss of use in the employee's leg.
The employee testified that he was still able to perform his job as a fabricator/welder in a satisfactory manner and that he knew of no limitations on his doing a welding job. Further, he stated that "nothing affects my welding job — that's my trade and what I do." He did state, however, that he is not able to climb or place his knee on hard surfaces.
There was also testimony from the employee's treating physician that the accident in question caused an internal derangement of his knee, but that the present injury was "significantly exacerbated" by his previous existing condition. He concluded that it would be total speculation as to the degree of impairment to the employee's knee as a result of the subject accident. In fact, the doctor testified that the employee's condition after his treatment was "essentially the same as his previous problem," which resulted from his previous injury. The doctor opined that the employee had a 20 percent impairment of his lower extremity, but stated that, from a medical standpoint, he was able to do his job.
At the outset we note that in regard to loss of, or loss of use of, a scheduled member, the loss of wages or earning ability is not directly concerned in determining compensation.Conagra v. White, 348 So.2d 502 (Ala.Civ.App. 1977). Further, we note that a knee injury which causes a partial use of a leg comes within the provisions of a scheduled injury. See Jacksonv. Dunlop Tire Rubber Corp., 487 So.2d 940 (Ala.Civ.App. 1986).
Here, the employee contends that the trial court should have found a 20 percent loss of use in that the only medical testimony indicated such a rating. However, we note that a trial court is not bound by the testimony of experts even if their testimony is uncontroverted. Jackson, supra. Therefore, the trial court was not required to accept the testimony of the treating physician. The trial court is the trier of fact and weighs all of the evidence, including the expert's testimony, and then decides what to do. Jackson, supra.
We further point out that this is not a case involving loss of earning capacity. Rather, the question is what degree of loss of use of the leg did the employee suffer as a result of the knee injury.
In view of the above, we affirm.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.