THIGPEN, Judge.
This is a workmen’s compensation case.
Linda Luckenbaugh Blevins was working for National Restaurant Corporation (Pizza Hut) in October 1984, when she sustained an injury to her right shoulder. Following conservative treatment, she underwent surgery in March 1985 to repair torn shoulder muscles. The surgeon assigned Blevins a ten percent permanent partial disability in July 1985. Blevins and Pizza Hut entered into a compromise agreement, which the trial court approved in September 1985. The record indicates that Blevins’s employment with Pizza Hut ceased soon after her surgery, and that she was later employed at several different businesses for short periods of time.
Blevins sued for additional benefits in May 1990, seeking payment of expenses for the surgical removal of a herniated disc. Pizza Hut denied responsibility, contending that Blevins’s present condition and complaints were not related to her 1984 work-related injury. Ultimately, the trial court ordered Pizza Hut to pay all medical expenses relating to Blevins’s herniated disc. Pizza Hut appeals.
On appeal, Pizza Hut contends that Blevins’s herniated disc is not related to her 1984 work-related injury.
The standard of review in workmen's compensation cases is two-pronged. First, we must determine if there is any legal evidence to support the trial court’s findings. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Blevins’s original complaint was diagnosed as an injury to her right shoulder. Although she underwent surgery to correct that problem, her symptoms persisted. The record is clear that Blevins sought medical treatment on numerous occasions, complaining of pain and numbness. The herniated disc diagnosis was made several years later.
Medical evidence in this case conflicts. M.J. Lyons, who examined and treated Blevins in 1984, testified that the herniated disc was not present in 1984, and that in his opinion, it developed sometime thereafter. By contrast, two surgeons, Drs. Jones and Swaid, indicated that Blevins’s symptoms and complaints since 1984 were consistent with a herniated disc. A trial court is not bound by the testimony of expert witnesses, even when that testimony is uncontro-verted. Patrick v. Femco Southeast, Inc., 565 So.2d 644 (Ala.Civ.App.1990). When testimony is conflicting, the weight given to that evidence is a question for the trial court. Wilson v. William Wilson Co., 537 So.2d 930 (Ala.Civ.App.1988). Additionally, *1098 Blevins testified that her pain had been constant since the 1984 injury, and that the 1985 surgery did not alleviate the pain.
Evidence exists to support the trial court’s finding that Blevins’s herniated disc was causally related to the 1984 work-related injury, and a reasonable view of that evidence supports the trial court’s judgment. The fundamental beneficent policy of the Workmen’s Compensation Act and its remedial nature allow liberal construction and resolution of reasonable doubts in favor of the employee. Dan River Mills, Inc. v. Foshee, 365 So.2d 1232 (Ala.Civ.App. 1979).
For the foregoing reasons, the trial court’s judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.