THIGPEN, Judge.
This is a workmen’s compensation case.
Leonard Grady Bryant sued Hollar Oil Company (Hollar) for workmen’s compensation benefits, alleging that while employed by *949 Hollar as a truck driver in August 1988, he suffered a disabling accident.
At trial, Bryant asserted that he sought medical treatment from Dr. Pascual Herrera, a physician, who diagnosed his condition as a possible incarcerated hernia or testicular torsion, and he referred Bryant to Dr. George Walker, a urologist. Dr. Walker testified by deposition that Bryant’s right testicle was atrophied and non-functional due to a prior bout with the mumps. Dr. Walker testified that he surgically removed Bryant’s nonfunctional right testicle in August 1988 to hasten Bryant’s healing.
Bryant testified that he returned to work without restrictions in September 1988. Bryant testified that he worked without problems until February 1989, when he reportedly began experiencing what he characterized as “trembly spells.”
Bryant’s complaint alleges that he “lost the ability to have sexual relations” as a result of this accident, and he sought total temporary and permanent disability benefits. Although there is no pleading in the record amending Bryant’s complaint to include any allegation regarding loss of ability to earn or any disabling condition affecting Bryant’s employa-bility, such issue was litigated and will be treated as properly raised in Bryant’s pleadings. Rule 15, A.R.Civ.P.
After ore tenus proceedings, the trial court found, inter alia, that Bryant suffered a disabling mental disorder which “directly arose” from the physical injury Bryant suffered while employed by Hollar, and that Bryant was permanently and totally disabled. The trial court awarded benefits accordingly and Hollar appeals.
On appeal, Hollar contends that (1) there was no causal connection between Bryant’s work-related injury and his subsequent disabling mental disorder; (2) the evidence did not support a finding of permanent total disability; (3) the trial court erred in finding that Bryant’s vocational expert testified that Bryant suffered a 100% vocational disability; (4) the trial court erred in assessing liability against Hollar for Bryant’s medical expenses; and (5) the trial court erred in failing to specifically find that Bryant suffered a loss of ability to earn as a result of a work-related injury.
Review in workmen’s compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). This review applies only to the trial court’s findings of fact and not its conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala.1993).
Hollar first contends that Bryant failed to establish any causal connection between the work accident and his disabling mental disorder. Mental injury may be com-pensable when the claimant proves that the mental disorder was produced or proximately caused by some physical trauma or injury to the claimant’s body. Fruehauf Corp. v. Prater, 360 So.2d 999 (Ala.Civ.App.1978). In the instant case, Bryant undisputedly suffered some work-related bodily injury.
Dr. Walker testified that although Bryant’s testicle was atrophied as a result of Bryant’s earlier bout with mumps, the injury precipitated the condition requiring removal of the testicle in order to facilitate Bryant’s recovery and his return to work. Dr. Walker stated that Bryant suffered no permanent physical impairment or function as a result of this injury.
Dr. Walker also testified regarding some of Bryant’s other medical problems, including a history of kidney stones, enlarged prostate, and an unrelated infection in the left testicle some months after Bryant’s injury at Hollar. In response to questioning about Bryant’s mental condition and problems, Dr. Walker responded that he believed that those problems started after Bryant’s injury. Although Dr. Walker could not determine the cause of Bryant’s disabling mental condition, he indicated that it could be related to various things in Bryant’s life that have caused him emotional upsets, including the loss of the testicle.
By deposition, Dr. Herrera testified regarding Bryant’s history of an inguinal her *950 nia, a lesion on his lung, kidney stones, his condition relating to high blood pressure, and regarding his current treatment of Bryant for “nerves” or anxiety. Dr. Herrera, in response to a hypothetical question, opined that loss of a testicle could cause a man to suffer anxiety and depression and that such “might” be the case for Bryant since Bryant had advised him that losing the testicle was the most stressful thing in his life over the last few years. Dr. Herrera stated that any causal link between Bryant’s injury and Bryant’s current mental state was “speculative on my part” and that there was no permanent physical impairment that would affect Bryant’s ability to work.
Dr. Herrera also testified regarding the connection between kidney stones and high blood pressure and that he treats other men the same approximate age as Bryant for the same problems, i.e., anxiety and high blood pressure, that have no history of similar trauma. He stated that he treats Bryant’s anxiety based on what Bryant tells him, and that Bryant had “always been hyper, anxious, [and] nervous.” He also testified that generally speaking, as people age, they become less able to cope with stressful situations such as those brought on by traffic and young children.
A trial court is not bound by the testimony of expert witnesses, even when that testimony is uncontroverted. Patrick v. Femco Southeast, Inc., 565 So.2d 644 (Ala.Civ.App.1990). The trial court, however, may not fail to consider legal evidence in making its determination. Littleton v. Gold Kist, Inc., 485 So.2d 1180 (Ala.Civ.App.1986). It is well settled that the evidence presented by the claimant in a workmen’s compensation action must present more than mere possibilities that would only serve to “guess” the employer into liability. Hammons v. Roses Stores, Inc., 547 So.2d 888 (Ala.Civ.App.1989).
The only indication contained in the record linking Bryant’s injury of August 1988 to his current mental disorder is Bryant’s assertion that the injury occurred before the onset of the mental disorder. Bryant, who was sixty-two years old at the time of the trial, testified regarding his previous surgery for a hernia and his problems with kidney stones and high blood pressure. Bryant testified that he returned to work in September 1988, doing the same type work as before the accident. He testified that he had no restrictions or problems in performing his work until December 1988, when the left testicle began swelling due to an infection, which was treated with antibiotics. Although he testified that neither Dr. Walker nor Dr. Herrera advised him that he has any permanent impairment that prevents him from earning a living, he testified that he worries about losing the remaining testicle.
We have thoroughly and carefully reviewed the entire voluminous record. Bryant’s allegations regarding the causal connection between the August 1988 injury and his present disabling mental condition are supported only by testimony that candidly admits speculation that the two might be connected. No reasonable view of that evidence supports the trial court’s finding regarding the causal connection. Eastwood, supra. Therefore, the trial court misapplied the law to the facts in this case. Cash, supra.
Having found that Bryant failed to establish the causal connection between his injury and his current mental disability, we preter-mit further discussion regarding the remaining issues. The judgment of the trial court is reversed and the cause is remanded with instructions to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.