David Phillips filed a complaint for workmen's compensation benefits against M.C. Dixon Lumber Company, Inc. (Dixon), alleging that, as the result of a work-related injury which occurred while he was employed as a millwright for Dixon, he suffered a permanent total disability. The parties stipulated that Phillips's injury arose out of and in the course of his employment and that the only issue before the trial court was the percentage of disability. After ore tenus proceedings, the trial court found that Phillips was permanently and totally disabled. Dixon's post-judgment motion was denied; hence, this appeal.
The dispositive issue on appeal is whether the trial court's award of permanent and total disability benefits to Phillips is supported by a reasonable view of the evidence.
At the outset, we note the two-step review process in workmen's compensation cases. Initially, we will determine whether there is any legal evidence to support the trial court's findings, and then we will determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91
(Ala. 1991).
Dixon contends that there is no evidence in the record to support a finding of permanent total disability. It is well established that total disability does not mean absolute helplessness or entire physical disability. Genpak Corp. v.Gibson, 534 So.2d 312 (Ala.Civ.App. 1988). Permanent total disability is the inability to perform one's trade and the inability to obtain other reasonably gainful employment. Ala. Code 1975, § 25-5-57(a)(4)d. Mead Paper Co. v. Brizendine,575 So.2d 571 (Ala.Civ.App. 1990).
The record reveals that Phillips injured his right ankle in April 1991, while employed as a millwright at Dixon. His average weekly wage prior to the accident was $349.78. Phillips testified that he has had two surgeries on that ankle since the injury and that he has not returned to his job. He further testified that he still experiences pain, that he walks with a cane, and that he has difficulty driving and performing other daily routine activities which require standing, walking, or using his right foot.
The medical evidence was conflicting regarding the degree of disability incurred by Phillips; however, Phillips's treating physician and vocational experts agreed that Phillips would not be able to return to his previous position. Additionally, the medical evidence was conclusive that Phillips has permanent restrictions with regard to lifting, pushing, pulling, climbing, using heavy pedals, *Page 479 
and walking or standing over three hours. One report by a vocational expert reflected that "Phillips has lost access to most of the jobs in the state to which he had previous access. He has also lost access to former wages, as he is under permanent restrictions which preclude him from that type of work."
It is the duty of the trial court to review the entire evidence, including its own observations, in determining the extent of the disability. Genpak, supra. An expert's opinion regarding the percentage of disability is not binding upon the trial court. Blue Bell, Inc. v. Nichols, 479 So.2d 1264
(Ala.Civ.App. 1985). The assignment of the extent of the disability is a discretionary function of the trial court and we will not disturb it when there is evidence to support that decision.Acustar, Inc. v. Staples, 598 So.2d 943 (Ala.Civ.App. 1992). There was ample evidence from which the trial court could conclude that Phillips is unable to perform his trade.
Furthermore, the record also discloses that Phillips is unable to obtain other reasonably gainful employment. The record reveals that Phillips was thirty years old at the time the injury, that he had completed the eighth grade, and that he had had no further formal training. He has very limited reading and writing skills, and he has worked almost exclusively in heavy manual labor positions.
Although a rehabilitation nurse testified that she attempted to assist Phillips in locating employment opportunities and that she made employment contacts on his behalf, upon being questioned by the trial court she acknowledged that essentially the only job that she located was "homework" for local fish bait companies. The record reveals that the "homework" consisted of seasonal piecework involving the picking up of boxes of plastic worms from local bait shops, separating and inspecting the worms, placing them in bags, and returning the boxes to the bait shops. Testimony indicated uncertainty and unreliability in the work and wages for that job; therefore, the trial court could have concluded that that job would not be reasonably gainful employment. Ala. Code 1975, §25-5-57(a)(4)d.; Mead Paper Co., supra. "Gainful employment means employment similar in remuneration to that earned prior to the injury." Ex parte Beaver Valley Corp., 477 So.2d 408,412 (Ala. 1985).
Dixon also contends that Phillips should be precluded from receiving workmen's compensation benefits because, it argues, he failed to pursue employment opportunities located for him by a rehabilitation nurse. An employee's benefits may be suspended if the employee refuses to accept vocational rehabilitation. Ala. Code 1975, §§ 25-5-57(a)(4)d. and 25-5-77(d); BeatriceFoods Co. v. Gray, 431 So.2d 1299 (Ala.Civ.App. 1983). As stated above, however, the only such opportunity located by the rehabilitation nurse was the "homework" for the bait shops. The reasonableness or unreasonableness of the employee's refusal to accept rehabilitation is a question of fact for the trial court. See Beatrice Foods, supra. Based on the factors discussed above, the trial court could have properly concluded that Phillips's failure to pursue this employment opportunity was reasonable.
"Although the trial court did not specifically find that [Phillips] cannot be retrained for gainful employment, such a finding is implicit in the trial court's conclusion that [Phillips] is totally and permanently disabled." Boyd BrothersTransportation, Inc. v. Asmus, 540 So.2d 757, 759
(Ala.Civ.App. 1988). This implicit finding is further supported by record evidence regarding Phillips's education and training limitations; his limited reading and writing skills; his past employment limitation to heavy manual labor positions; and his permanent physical restrictions regarding lifting and climbing, and walking and standing for extended periods. There is evidence supporting the conclusion that Phillips cannot be retrained for other gainful employment.
This court does not reweigh the evidence, but looks to see if there is any legal evidence to support the findings of the trial court, and those findings are conclusive where the testimony is conflicting. McKenzie v. American Bread Co. ofAlabama, Inc., 579 So.2d 667 (Ala.Civ.App. 1991). Further, the facts in workmen's compensation cases are liberally construed, with reasonable doubts resolved in favor of the employee. *Page 480 National Restaurant Corp. v. Blevins, 611 So.2d 1096
(Ala.Civ.App. 1992).
Based on the foregoing and on our limited standard of review, we conclude that there was legal evidence to support a finding that Phillips was permanently and totally disabled, and a reasonable view of that evidence supports the trial court's judgment. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.