644 So.2d 951 (1994)
Ex parte Leonard Grady BRYANT.
(In re HOLLAR OIL COMPANY v. Leonard Grady BRYANT).
1921485.
Supreme Court of Alabama.
February 11, 1994.
As Modified on Denial of Rehearing April 8, 1994.
Leon Garmon and Michael L. Allsup, Gadsden, for petitioner.
Russell Q. Allison and Rhonda Pitts Chambers of Rives & Peterson, Birmingham, and Steve Brunson of Simmons, Brunson & McCain, Gadsden, for respondent.
HORNSBY, Chief Justice.
The circuit court awarded Leonard Bryant workers' compensation benefits. The Court of Civil Appeals reversed the judgment for Bryant. We have granted Bryant's petition for certiorari review. We reverse the judgment of the Court of Civil Appeals.
Bryant was a truck driver for Hollar Oil Company. On August 24, 1988, Bryant, then 59 years old, was injured when he slipped on some spilled diesel fuel while fueling his truck. As a result of slipping, Bryant suffered a groin-area injury. Although his right testicle was already atrophied because of a previous illness, the slip caused a testicular torsion that required removal of his right testicle. After the removal of the testicle, Bryant began to exhibit symptoms of neurosis, including panic attacks wherein he would cry and become nervous. Also, he suffered periodic episodes of sexual impotency. The impotency could be helped only with anti-anxiety and anti-depressant drugs.
In his claim for workers' compensation, Bryant contended that the fall had led to the mental disorder and that the mental disorder had left him permanently disabled. After ore tenus proceedings, the trial court found, inter alia, that Bryant did suffer a disabling neurosis and that it "directly arose" from the physical injury he had suffered while employed by Hollar Oil. Thus, it awarded benefits to Bryant.
Reversing the trial court's judgment, the Court of Civil Appeals held that Bryant had failed to establish any causal connection between his work-related accident and his disabling mental disorder. It stated:

*952 "We have thoroughly and carefully reviewed the entire voluminous record. Bryant's allegations regarding the causal connection between the August 1988 injury and his present disabling mental condition are supported only by testimony that candidly admits speculation that the two might be connected. No reasonable view of that evidence supports the trial court's finding regarding the causal connection."
Hollar Oil Co. v. Bryant, 644 So.2d 948, 950 (Ala.Civ.App.1993). Accordingly, it remanded the case for the entry of a judgment in favor of Hollar Oil.
Although Bryant raised several issues in his petition here, the Court of Civil Appeals in its opinion addressed only the issue whether the evidence was sufficient to support the circuit court's finding of a causal connection between Bryant's accident and his disabling mental disorder. Thus, this Court reviews only that issue. We must determine whether the Court of Civil Appeals improperly substituted its judgment for that of the trial court in holding that the evidence before the trial court was insufficient.
We note that the new standard of review set out in Ala.Code 1975, § 25-5-81, does not apply to this case, because this case was filed before that new standard became effective on August 1, 1992. The appropriate standard by which the judgment in this workers' compensation case, which was tried ore tenus, is to be reviewed is as follows:
"The standard of appellate review in workmen's compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment."
Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991). In ore tenus cases, this standard of review is applicable only to the trial court's findings of fact, not to its conclusions of law. Also, in Ex parte Price, 555 So.2d 1060, 1062 (Ala.1989), this Court noted that medical causation "must be determined [by the trial court] on a case-by-case basis" and that the "trial court is authorized to draw any reasonable inference from the evidence."
To recover compensation for mental injury, the claimant must prove that the mental disorder was produced or proximately caused by an on-the-job physical trauma or injury to his body. Fruehauf Corp. v. Prater, 360 So.2d 999 (Ala.Civ.App.1978). In Abex Corp. v. Coleman, 386 So.2d 1160 (Ala. Civ.App.1980), the Court of Civil Appeals held that the mental injury suffered by the plaintiff was compensable because the evidence showed that it was caused by a physical injury incurred while the plaintiff was in the employ of the defendant. Thus, to establish medical causation, the claimant must show that the risk or hazard to which he was exposed was a factor contributing to his injury. Patterson v. Clarke County Motors, Inc., 551 So.2d 412 (Ala.Civ.App.1989).
Bryant contends that his evidence did support a finding that his mental disorder was caused by the on-the-job injury, which he said led to the loss of his testicle. Bryant provided the deposition of Dr. Pascual Herrera, who expressed the opinion that the loss of a testicle could cause a man to suffer anxiety and depression and that such a loss "might" result in Bryant's symptomatology. Dr. Herrera admitted that his opinion was speculative. However, in Ex parte Price, 555 So.2d 1060 (Ala.1989), this Court, discussing proof of medical causation, quoted Professor Larson for this proposition:
"To appraise the true degree of indispensability which should be accorded medical testimony, it is first necessary to dispel the misconception that valid awards can stand only if accompanied by a definite medical diagnosis. True, in many instances it may be impossible to form a judgment on the relation of the employment to the injury, or relation of the injury to the disability, without analyzing in medical terms what the injury or disease is. But this is not invariably so. In appropriate circumstances, awards may be made when medical evidence on these matters is inconclusive, indecisive, fragmentary, inconsistent, or even nonexistent."
555 So.2d at 1061-62 (quoting 3 A. Larson, The Law of Workmen's Compensation, *953 § 79.51(a) at p. 15-426.128 (1988)). Further, in Federal Mogul Corp. v. Campbell, 494 So.2d 443, 445 (Ala.Civ.App.1986), the Court of Civil Appeals held that "an award may be made for mental disability even though the testimony relating to its existence or cause is inconclusive, or even non-existent." It follows that Dr. Herrera's opinion, although not definite, could constitute evidence of causation.
In Federal Mogul Corp., the Court of Civil Appeals recognized that nonexperts can establish causation in workers' compensation cases. It considered, as evidence of causation, testimony from lay persons who testified "that they noticed a drastic change in the claimant's mental state immediately following the accident" and "that he [had] not been his normal self since that time." 494 So.2d at 445. In this case, Bryant presented similar lay testimony as evidence of causation. Bryant's wife and daughter stated that he displayed the symptoms of his mental disorder only after the accident. The daughter specifically testified:
"On my observation, I feel that my dad would still be working [had he not been injured], that he would have worked till he was, probably, past retirement age. I know how my dad is. I know what kind of a hard worker he is and I know of talking through the years of retirement thisif this had not happened, he would still be working today."
Bryant further testified that he had not suffered the mental disorder until the removal of his testicle. This evidence, along with the doctor's opinion, supports the trial court's findings of fact, and from this evidence the trial court could have reasonably inferred causation.
The trial court "may consider all evidence, including its own observations, and interpret the evidence according to its own best judgment." Wilde v. Taco Bell Corp., 531 So.2d 918, 919 (Ala.Civ.App.1988). Although this Court has noted that in cases dealing with claims based on alleged mental disorders, there is a distinct possibility of malingering, it also has recognized that the malingering will be minimized by the vigilance of a discerning trial judge. Fruehauf Corp. v. Prater, 360 So.2d 999, 1001. There was sufficient evidence to support a finding that Bryant was not malingering. Wayne Hollar, president of Hollar Oil Company, testified that Bryant was "an excellent employee" and was dependable and honest. Hollar testified that, based on his personal knowledge of Bryant and Bryant's reputation in the community, he had no doubt about the veracity of Bryant's testimony about his inability to work. Dr. Daniel Doleys, a psychologist hired by Hollar Oil, testified on cross-examination that there was no evidence that Bryant was consciously or unconsciously malingering or "misrepresenting himself" as suffering from an anxiety or panic state. The trial court heard the testimony, observed the demeanor of Bryant, Hollar, and Doleys, and concluded that Bryant was not malingering. The record supports that conclusion.
Given the presumption of correctness to be accorded a trial court's findings of fact under the ore tenus rule, we find sufficient evidence, considering all of the testimony before the trial court, both expert and lay, to support the finding of causation. Accordingly, we reverse the judgment of the Court of Civil Appeals and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHORES, KENNEDY, INGRAM and COOK, JJ., concur.
HOUSTON and STEAGALL, JJ., dissent.
HOUSTON, Justice (dissenting).
I would either quash the writ or affirm the judgment of the Court of Civil Appeals.
Judge Thigpen succinctly summarized this case by holding that the evidence presented by Bryant presented only "mere possibilities that would only serve to `guess' the employer into liability." 644 So.2d at 950.
STEAGALL, J., concurs.