On Remand from the Supreme Court

THIGPEN, Judge.
The prior'judgment of this court has been reversed and the cause remanded by the Supreme Court of Alabama for further proceedings. On remand to this court, and in compliance with the Supreme Court’s opinion in Ex parte Bryant, 644 So.2d 951 (Ala.1994), the judgment of the trial court regarding the issue of causation is hereby affirmed.
The facts of this case are sufficiently set out in the prior opinions. See Ex parte Bryant, supra, and Hollar Oil Co. v. Bryant, 644 So.2d 948 (Ala.Civ.App.1993). The prior opinions addressed causation as determinative and pretermitted discussion of the re-? maining issues. We now address these remaining issues: whether the evidence supports a finding of permanent total disability; whether the trial court erred in finding Hol-lar liable for Bryant’s medical expenses; and whether the trial court erred in failing to specifically find that Bryant suffered a loss of ability to earn as a result of a work-related injury.
At the outset, we note the two-step process regarding the standard of review in workmen’s compensation cases.[1] Initially, we will determine whether there is any legal evidence to support the trial court’s findings; then, we will determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Hollar first contends that a reasonable view of the evidence does not support the trial court’s conclusion regarding a permanent total disability. Permanent total disability does not mean absolute helplessness or entire physical disability. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). The assignment of the extent of the disability is a discretionary function of the trial court, and the trial court’s ruling in that regard will not be disturbed on appeal when there is evidence to support that decision. Acustar, *956 Inc. v. Staples, 598 So.2d 943 (Ala.Civ.App.1992); see also Allen v. Diversified Products, 453 So.2d 1063 (Ala.Civ.App.1984).
Bryant, who was 62 years old at the time of trial, testified that he was injured in 1988 while employed as a truck driver for Hollar, and that he began having “anxiety attacks” in early 1989. He stated that he was afraid to drive because of his fear of harming others, and that his doctor had also advised him not to drive. Bryant, his wife, and his daughter testified that Bryant had one or two attacks per week, that these attacks lasted for hours, and that Bryant had stopped participating in activities in which he had been previously involved. Testimony also indicated that Bryant was “drained” and lacked energy following the attacks. Wayne Hollar, an officer of Hollar, testified that Bryant was an excellent employee and that he would believe Bryant’s testimony regarding the anxiety attacks.
Dr. Pascual Herrera testified by deposition that in August 1989, without examination or discussion with Bryant, he had prescribed medication for Bryant’s anxiety attacks, based on a conversation with Bryant’s daughter, who works in Dr. Herrera’s office. Dr. Herrera further testified that he saw Bryant in February 1990, and that, based on the results of tests, Bryant was placed on medication for high blood pressure. Dr. Herrera also testified that although he never made a referral, he suggested to Bryant’s daughter that Bryant go to a counselor, and that he believed that Bryant had done so. Ultimately, Dr. Herrera advised Bryant not to drive because he did not think Bryant was “stable enough to be driving a big truck.”
The trial court found that the testimony of Charles Waldrup, Bryant’s vocational expert, regarding Bryant’s 100% vocational disability, was uncontradieted by Hollar. Hollar contends that Waldrup testified to a 53% permanent physical vocational rating, and, therefore, that the trial court erred in finding that Waldrup testified that Bryant had suffered a 100% vocational disability. The record reveals that although Waldrup testified regarding factors indicating a 53% overall vocational disability for Bryant, he also testified that, considering Bryant’s overall condition, including anxiety, depression, chronic obstructive pulmonary disease, and high blood pressure, “he’s unemployable and he would have a hundred percent vocational disability.” Waldrup further testified that if Bryant is having symptoms of anxiety attacks and depression, and if he is taking prescribed medication for those types of symptoms, they would cause him to be unemployable.
In determining the percentage of disability, the trial court may properly consider many factors in addition to the disability of the body, including the claimant’s age, education, and experience, as they affect his employability and earning capacity. Bickerstaff Clay Products Co. v. Dixon, 444 So.2d 390 (Ala.Civ.App.1983). An expert’s opinion regarding the percentage of disability is not binding upon the trial court. Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App.1985). In arriving at its judgment, the trial court considers all of the evidence, including its own observations, and interprets it according to its own best judgment. Acustar, supra. Furthermore, the trial court, not this court, considers the weight of the evidence. Acustar, supra. The findings of the trial court on conflicting testimony are conclusive where there is any evidence to support its conclusions. Fisher v. Bruno’s Food Stores, Inc., 588 So.2d 488 (Ala.Civ.App.1991). There is some evidence in the record to support the trial court’s finding that Bryant was permanently and totally disabled.
Hollar next contends that the trial court erred in ordering Hollar to pay Bryant’s medical and psychological expenses. An employer is not liable for medical treatment obtained without justification or notice to the employer. Ala.Code 1975, § 25-5-77; Kimberly-Clark Corp. v. Golden, 486 So.2d 435 (Ala.Civ.App.1986). This also applies to psychological care for a claimant when a disabling neurosis develops as a proximate result from a job-related physical injury or trauma. Allen, supra.
The record contains a letter from Hollar dated August 26, 1988, addressed “To whom it may concern,” informing the recipient to “Please send all bills pertaining to” *957 Bryant to a specific insurance address. Bryant asserts that this letter serves as acquiescence in Bryant’s obtaining necessary medical, surgical, and psychological care related to the injury. The letter is dated only a few days after Bryant’s accident and over a year before the onset of Bryant’s anxiety attacks. Viewing the evidence in favor of the employee, M.C. Dixon Lumber Co. v. Phillips, 642 So.2d 477 (Ala.Civ.App.1994), we find that it would support a conclusion that Bryant had the impression that he was authorized by Hollar to seek necessary treatment and subsequent referrals for his job-related injury. Blue Bell, supra. Hollar also contends that there was no evidence regarding the reasonableness or the necessity of Bryant’s medical bills. Although the trial court specified no monetary amount of the award for these expenses, it ordered Hollar to pay:
“All existing and unpaid necessary and reasonable (including psychological) expenses incurred by [Bryant] as a result of his injury, including the mental or psychic disorder resulting therefrom.”
The trial court expressly retained jurisdiction to resolve any disputes regarding the payment or reimbursement of these expenses.
An employer is required to pay the actual cost of authorized reasonably necessary medical expenses. Ala.Code 1975, § 25-5-77; Alverson v. Fontaine Fifth Wheel Co., 586 So.2d 216 (Ala.Civ.App.1991). The record contains testimony and documentary evidence regarding Bryant’s treatment, the diagnostic tests, the referrals, and the results obtained. There is sufficient evidence to support a conclusion that Bryant’s medical and psychological expenses were reasonably necessary to warrant an award of costs. Clarke Brothers Transportation, Inc. v. Perry, 554 So.2d 1056 (Ala.Civ.App.1989), and T G & Y Stores Co. v. Higdon, 437 So.2d 1035 (Ala.Civ.App.1983). Although the trial court did not specify the exact monetary value of the award of medical and psychological expenses to be paid by Hollar, its order specified Hollar’s responsibility for “necessary and reasonable” expenses and further retained jurisdiction to resolve disputes regarding those expenses. The necessity and value of specific expenses remains to be determined by the trial court in accordance with Ala.Code 1975, § 25-5-77(a). There is limited evidence within the record regarding Bryant’s exact expenses. Should a dispute arise regarding a specific amount, the reasonableness of that amount may be considered. At this juncture, the reasonableness of Bryant’s expenses cannot be reviewed.
Hollar’s final contention is that the trial court erred by failing to make a specific finding regarding Bryant’s loss of ability to earn. A finding regarding loss of ability to earn is required to support an award of benefits. Marley Erectors, Inc. v. Rice, 560 So.2d 1083 (Ala.Civ.App.1990). Although the trial court did not use the specific words “loss of ability to earn,” that finding was clearly implicit in the trial court’s conclusion that Bryant was unable to obtain or perform any gainful occupation. See M.C. Dixon Lumber Co. v. Phillips, 642 So.2d 477 (Ala.Civ.App.1994); see also Clark Lumber Co. v. Thornton, 360 So.2d 1019 (Ala.Civ.App.1978). There is no error disclosed here.
Although this court might not have reached the same conclusions as those of the trial court in this case, we are not permitted to substitute our judgment on appeal. “Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” Ex parte Veazey, 637 So.2d 1348, 1349 (Ala.1993).
AFFIRMED ON REMAND.
ROBERTSON, P.J., and YATES, J., concur.

. The review of this case is governed by Ala.Code 1975, § 25-5-1 et seq., the Workmen's Compensation Act, which was in effect before the amendments of May 19, 1992.