THIGPEN, Judge.
This is a workmen’s compensation case.[1]
This is the second time this case has been appealed to this court. See Webb Oil Co. v. Holmes, 651 So.2d 36 (Ala.Civ.App.1994). In July 1993, Peggy Holmes filed a complaint for workmen’s compensation benefits against Webb Oil Company, Inc., and Federated Insurance Company (referred to hereinafter *1318 together as Webb Oil), by alleging that she had been injured in September 1987, while acting in the line and scope of her employment.
Following ore tenus proceedings, the trial court found that Holmes had suffered a 75% permanent partial impairment, and it awarded benefits. Webb Oil appealed, and this court reversed that judgment and remanded the cause for the trial court to determine whether Holmes had suffered a loss of ability to earn upon which an award of workmen’s compensation benefits could be based. On remand, the trial court found that, as a result of the accident, Holmes had suffered a 75% permanent partial impairment and “a loss of ability to earn wages at the same rate.” Webb Oil appeals.
Our review in this case is limited to determining whether there is any legal evidence to support the trial court’s findings, and, if so, whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). Further, “[wjhere one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” Ex parte Veazey, 637 So.2d 1348, 1349 (Ala.1993).
The primary issue on appeal is whether the trial court’s conclusion that Holmes had suffered a 75% loss of ability to earn is supported by a reasonable view of the evidence. The record reveals that while Holmes was working in the “storage room” moving drinks, she “caught her foot or something” and fell directly on her left knee. Subsequently, she was examined and treated by several doctors, and she underwent four surgeries, including two total knee replacement procedures. Holmes testified that although she has worked for Webb Oil from her home since the injury, she worries that she would not be able to get another job if she loses this one, and she is concerned about how much longer Webb Oil will employ her, given her present limitations.
Thomas M. Elliott, a vocational expert, testified that Holmes is now performing the only job that she can and that if she loses this job, it is unlikely that she could obtain any other employment. He assessed a 60% vocational impairment rating, with a great emphasis on her significant loss of access to the labor market, and he further stated, “Should she lose her present employment, it is this examiner’s opinion that she would be unable to perform any other employment on a sustained basis and would subsequently have a 100% vocational impairment rating.”
John M. Long, Jr., a vocational disability specialist, testified that he could not find reason for any job restrictions after the second surgery, and that in his opinion, she had not sustained any loss of earning capacity. Based upon her limited mobility and her having no loss of earnings at that point, he assessed her vocational impairment rating at 10 to 15%. On cross-examination, he increased the disability rating to 20% of light duty jobs that she could do before the injury that she can no longer perform.
Determining the extent of a disability is a discretionary function of the trial court, and that determination will not be disturbed on appeal if there is evidence to support it. M.C. Dixon Lumber Co. v. Phillips, 642 So.2d 477 (Ala.Civ.App.1994). The trial court is not bound by expert testimony, and it must consider all the evidence before it, including its own observations and it must interpret it to its own best judgment. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ. App.1988). Furthermore, expert opinions are not binding on the trial court, even if those opinions are uncontroverted. Gibson v. Southern Stone Co., 518 So.2d 730 (Ala.Civ.App.1987). Reviewing the record in light of our standard of review, we conclude that at least one reasonable view of the evidence supports the judgment of the trial court. Veazey, 637 So.2d 1348.
Webb Oil further argues that the trial court erred in awarding workmen’s compensation benefits because, it argues, Holmes did not lose the ability to earn money as a result of her injury. Holmes testified that she received a regular paycheck from Webb Oil while receiving benefits, and that she worked, using her home as her office, two or three hours a day, with certain accommodations from Webb Oil. She testified that she cannot perform the duties as she once did, *1319 such as moving shelves, standing, or operating the cash register. She testified that, because she cannot stand long enough without experiencing pain, she requires assistance in performing routine household chores. Jim Webb, the owner of the business, testified that Holmes continues to perform certain supervisory duties, such as hiring, firing, and scheduling employees, but that she is unable to perform certain other tasks, such as purchasing and on-the-job training. He also testified that she had not received a raise since 1987, and that “I don’t think she could get the accommodations to do what she’s doing for us [from another employer].”
Where an employee’s wages are the same or have increased since a work-related injury, a presumption arises that no loss of earning capacity has occurred; this presumption may be rebutted by “independent evidence that explains why the post-injury earnings are an unreliable basis for determining the employee’s earning capacity.” Alabama Power Co. v. Wagnon, 627 So.2d 977, 979 (Ala.Civ.App.1993). A trial court has much discretion in determining the loss of earning capacity of an employee. Harrison v. Champion International Corp., 550 So.2d 1001 (Ala.Civ.App.1989). In view of the testimony presented, including the testimony of the vocational expert, we conclude that Holmes sufficiently rebutted the presumption that she had sustained no loss of earning capacity.
Webb Oil further argues that the trial court erred in finding that Webb Oil was liable for certain medical treatments received by Holmes, and it also argues that there was no evidence that the treatments were reasonable and necessary. Holmes testified that Dr. Michael, the doctor that she and her case worker selected, referred her to another doctor, Dr. Rick Brown, who admitted her to the hospital. She testified that while in the hospital she was seen by other doctors, including Dr. David O’Neal and Dr. James G. Davis. She further testified that Federated Insurance actually set up the appointments with Dr. Thomas J. Conboy, a psychologist, and Dr. James Lee, a psychiatrist. Alicia Ottley, a claims examiner for Federated Insurance, disputed this testimony and stated that none of these physicians, except Dr. Michael, was approved.
The trial court found that certain medical expenses Holmes incurred remained unpaid, and the court entered a judgment “for all unpaid medical expenses and for all future medical expenses incurred.” A trial court’s factual findings based upon conflicting ore tenus evidence will not be disturbed on appeal unless such findings are clearly erroneous or manifestly unjust. Dyas v. City of Fairhope, 596 So.2d 930 (Ala.Civ.App.1992). It is the duty of the trial court, not this court, to weigh the evidence. Blue Circle, Inc. v. Williams, 579 So.2d 630 (Ala.Civ.App.1991). Additionally, workmen’s compensation laws are remedial in nature and should be liberally construed, with all reasonable doubts resolved in the employee’s favor. National Restaurant Corp. v. Blevins, 611 So.2d 1096 (Ala.Civ.App.1992). A careful review of the record discloses no error here.
Webb Oil’s final argument is that the trial court failed to give proper credit for temporary total benefits that Webb Oil had paid to Holmes while she was receiving her full salary. Ala.Code 1975, § 25-5-56, states, in part, “All moneys voluntarily paid by the employer or insurance carrier to an injured employee in advance of agreement or award shall be treated as advance payments on account of the compensation.” In its first order addressing the computation of benefits, the trial court stated that Webb Oil was entitled to a credit for the $23,056.44 in temporary total disability payments received by Holmes above her regular salary. In the subsequent order concerning the computation of benefits due, the trial court found that Holmes was entitled to receive permanent partial disability benefits of $35,406.09. It then allowed Webb Oil credit for $12,201, and it ordered that Holmes was “entitled to a net payment of $23,205.09 for permanent partial disability benefits.” Webb Oil argues on appeal that the subsequent order failed to give proper credit for the $23,056.44 it had previously paid as temporary total disability benefits and for which credit had been given in the first order addressing benefits.
Reviewing the record discloses that the parties stipulated that Holmes had received 60 weeks of permanent partial disability benefits totalling $12,201, and 114 weeks of tem *1320 porary total disability benefits totalling $23,-056.44. ‘When a permanent partial disability ... follows a period of temporary disability resulting from the same injury, the number of weeks of such temporary total disability shall be deducted from the number of weeks payable for such permanent partial disability.” Ala.Code 1975, § 25-5-57(a)(3)g. Thus, the law is clear that Webb Oil is entitled to be credited with the $23,205.09 it paid Holmes as temporary total disability benefits. Although the trial court properly allowed the credit in its first order addressing benefits, it was error for the trial court to omit that credit in its final order addressing the computation of benefits. We, therefore, must reverse the judgment and remand this cause for a recalculation of benefits consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE and CRAWLEY, JJ., concur.

. The review of this case is governed by Ala.Code 1975, § 25-5-1 et seq., the Workmen’s Compensation Act, which was in effect before the amendments of May 19, 1992.