This is a workmen's compensation case.
After an ore tenus hearing, the trial court found that the employee was permanently and totally disabled and entitled to corresponding workmen's compensation benefits. The employer appeals. We reverse and remand.
The employer's chief contention on appeal is that the trial court erred in making a finding of permanent total disability. It argues that there was no legal evidence to support the finding of the trial court. Specifically, the employer contends that any finding concerning permanent total disability should have been deferred because maximum medical improvement had not been attained.
It is clear to this court that, in order for the employee to recover permanent partial disability benefits or permanent total disability benefits, the employee must have reached maximum medical improvement. See Defense Ordinance Corporationv. England, 52 Ala. App. 565, 295 So.2d 419 (Ala.Civ.App. 1974). This was the issue in the trial court, as it is the issue on appeal.
The pertinent facts are as follows: The record reveals that the employee has suffered several injuries to her left knee during the course of her employment. On October 23, 1985, a surgical procedure was performed, whereby the employee's left knee was replaced. The record further shows that the instant case was heard five months subsequent to the surgery. At that time Dr. Newell, the employee's orthopedic surgeon, testified concerning the employee's condition. Dr. Newell testified that "[e]verything looks great on her X-ray, just like she's got a good total knee in perfect alignment and placement." He further testified that at this time he had neither determined the extent of disability nor been able to make a disability percentage rating concerning the employee's knee. He testified that it was his normal procedure in any case to wait a period of approximately one year after the surgical operation before making such a determination. He further testified that the employee had not reached maximum medical improvement.
Our review in workmen's compensation cases is limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. If there is any legal evidence that supports the findings, this court must affirm. Lowe v.Walters, 491 So.2d 962 (Ala.Civ.App. 1986).
Here the evidence was that the amount of the employee's disability could not be determined at this time. It was Dr. Newell's testimony that it was too soon after the knee replacement surgery for him to make any disability rating or even to comment on the extent of the employee's disability. This testimony of Dr. Newell was not contradicted. Put another way, the evidence that the employee had not reached maximum medical improvement was not disputed.
In view of the above, the trial court was premature in finding that the employee was permanently and totally disabled. Stated differently, there is no evidence at this time to support a finding of permanent and total disability. *Page 345 
In light of the above, we pretermit discussion of other issues raised by the employer.
This case is due to be reversed and remanded for proceedings not inconsistent with the above.
REVERSED AND REMANDED.
All the Judges concur.