This is a workmen's compensation case.
Marcia Staples filed an action against Chrysler Motors Corporation (Chrysler) alleging that she incurred a compensable injury while working for Chrysler. She later amended the complaint to name Acustar, Inc., (Acustar), as her true employer and to include allegations regarding other injuries on other dates. Following the presentation of ore tenus evidence, the trial court entered a lengthy and thorough order finding, inter alia, that Staples suffered permanent, partial disability and loss of earning capacity of 50%, and awarded her compensation accordingly. Acustar's post-trial motions were denied. Hence, this appeal.
The appellant raises three issues: (1) whether a reasonable view of the evidence supports the trial court's finding of 50% permanent impairment and the award for such; (2) whether the trial court committed error in allowing partial benefits to accrue from the date of the injury until the date of the judgment; and (3) whether the trial court erred in admitting evidence regarding alleged, unpaid medical bills and ordering the appellant to pay those bills. *Page 945 
The appellant's brief details a lengthy and confusing factual recitation regarding previous injuries and recoveries by Staples during her employment, which is not supported by record references and serves only to muddle the facts in the instant case. Our review reveals that Staples was employed continuously by the appellant since 1976, performing basic, assembly-type work. We find no evidence that the appellant ever disputed Staples's testimony that in the time immediately preceding this injury, she was satisfactorily performing her job. Consequently, appellant's arguments regarding any pre-existing condition fails. Blue Circle, Inc. v. Williams, 579 So.2d 630
(Ala.Civ.App. 1991).
Reviewing a workmen's compensation case is a two-step process. First, the reviewing court looks to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91
(Ala. 1991).
The law is clear that a trial court, which has the duty of determining the extent of the disability, is not bound by expert testimony but must consider all of the evidence, including its own observations, and interpret it to its own best judgment. Genpak Corporation v. Gibson, 534 So.2d 312
(Ala.Civ.App. 1988); Allen v. Diversified Products,453 So.2d 1063 (Ala.Civ.App. 1984). On appellate review, we do not consider the propriety of the trial court's findings of fact, nor do we consider the weight of the evidence. Allen, supra.
Furthermore, the findings of the trial court on conflicting testimony are conclusive. Suit v. Hudson Metals, Inc.,414 So.2d 115 (Ala.Civ.App. 1982).
The appellant contends that no evidence supports the court's finding of 50% disability and lost earning capacity. We disagree. Our review of the record discloses that a vocational expert reported that Staples suffered a vocational disability rating of 57% to 58%. There is also medical evidence regarding the work restrictions placed on Staples by the various doctors attending her since the injury. There was testimony regarding Staples's medication, work and leisure restrictions, and pain management since the injury. There is evidence in the record that Staples has continuous pain and that the injury-induced disability affects her ability to perform routine daily tasks. The law is clear regarding the trial court's duty to determine the extent of disability and the factors it must consider.Genpak, supra. There is ample evidence in the record which clearly supports the trial court's determination of 50% disability and loss of earning capacity.
Next, the appellant argues that the trial court erred in awarding benefits from the date of the injury until the date of the judgment because maximum medical improvement had not been reached on that date. The appellant contends that because the trial court did not determine when Staples reached maximum medical improvement, there existed no basis for an award prior to the time of the trial court's judgment of such. The appellant relies on Alabama By-Products Corporation v. Lolley,506 So.2d 343 (Ala.Civ.App. 1987), to support that position. In that case, there was evidence that the extent of disability could not be determined at that time. That factually differs from the instant case in that there is evidence in this record supporting the trial court's assignment of 50% disability.
It appears that the appellant is arguing that Staples is not entitled to any benefits during the time between the time of the injury and the date of the judgment. This argument is without merit and the appellant cites no supporting authority for that position. Workmen's compensation statutes must be liberally construed to accomplish their beneficent purposes. See Cement Products Company, Inc. v. Martin, 397 So.2d 149
(Ala.Civ.App. 1981). Clearly, Staples was entitled to benefits during the recovery period prior to the determination of the extent of the permanent disability. Ala. Code 1975, §25-5-57. *Page 946 
In the case before us, the computation utilized by the trial court in calculating the accrued benefits during the period between the injury and the judgment uses a figure based on partial disability and takes into consideration the weeks Staples had already been compensated to avoid double payment. The appellant correctly asserts that permanent partial disability is based on one's condition after maximum improvement has been reached; however, when maximum medical improvement is reached depends on the circumstances of each case, and prior to reaching that point, temporary total disability may be awarded during the recovery period. SeeDefense Ordinance Corporation v. England, 52 Ala. App. 565,295 So.2d 419 (Civ.App. 1974). The trial court's choice to utilize the lower figure, i.e., based on partial disability rather than temporary total, during the recuperating period, is supported by the evidence of Staples' attempts to work and the medical testimony that she was only partially, rather than totally disabled during this time. The assignment of the extent of disability is a discretionary function of the trial court and we will not disturb it when there is evidence to support that decision. Genpak, supra; Gibson v. Southern Stone Co., Inc.,518 So.2d 730 (Ala.Civ.App. 1987). Additionally, we note that the trial court's choice to utilize the lower figure in its calculation of accrued benefits favors the appellant, who challenged this award.
The appellant's last issue concerns whether the trial court erred in admitting evidence regarding alleged, unpaid medical bills, specifically, Staples' exhibit # 29, and in ordering the appellant to pay those medical bills. The appellant contends that Staples failed to prove that the medical expenses were reasonable and necessary. The appellant's objection to the admission of this evidence was overruled by the trial court.
Exhibit # 29 contains various medical bills which Staples incurred around the time of this injury and disability. The testimony from Staples was that the company sent her to these physicians and then refused to pay the bills. Contained in the record are several depositions of physicians, which were also before the trial court. Other evidence, including the testimony of Staples, the number of physicians consulted, and the different treatments and examinations which Staples underwent, indicates the reasonable necessity of the expenses represented in exhibit # 29. It is "the responsibility of the trial court, not this court, to weigh all such evidence." Lowe v. Walters,491 So.2d 962, 964 (Ala.Civ.App. 1986). The employer is required to pay the actual costs of reasonable and necessary medical expenses. Ala. Code 1975, § 25-5-77.
In our careful and thorough review of the entire record in this case, particularly the testimonies and depositions of the experts, we find ample evidence supporting the trial court's findings. A reasonable view of that evidence supports the trial court's judgment. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.