The sole issue in this case is whether an employee who suffers a prior non-work related injury and who subsequently suffers an on-the-job injury, the combined effect of which renders the employee permanently and totally disabled, is entitled to contribution from the Second Injury Trust Fund ("SITF") for workmen's compensation benefits.
We adopt the facts as set out in the Court of Civil Appeals' opinion, 607 So.2d 211, which states in part:
 "James E. Hagan was employed at Hearn Ford, Inc., when he sustained an injury which caused him to be permanently and totally disabled. After a bench trial, the trial court entered an order on April 18, 1990, finding Hearn Ford to be liable for eighty percent (80%) of said disability, and the other twenty percent (20%) relating to a previous back injury and surgery Hagan suffered in 1980. The trial court ordered that Hearn Ford be liable for 80% of the weekly benefits for 300 weeks and that the SITF be served a copy of the order and a hearing scheduled to determine SITF's liability as to the remaining 20% of the benefits for 300 weeks as well as Hagan's permanent total disability benefits after the 300-week period pursuant to the Workmen's Compensation Act.
 ". . . The joint stipulation of facts [reads as follows]:
 " '4. That in August 1980, plaintiff was injured in a non-work-related accident when he stepped off the back porch of his home. That the plaintiff sustained a ruptured intervertebral disc at L5 with nerve root compression on the right. That the plaintiff was operated on on August 27, 1980, wherein he underwent an excision of an extruded intervertebral disc fragment at L5-S1. Six months after the surgery, the plaintiff was released to resume his usual activities, but was restricted from any prolonged bending or sitting and from lifting more than 100 pounds. As a result of this injury, *Page 220 
the plaintiff was assigned a 5% permanent partial impairment rating to the body as a whole. The plaintiff returned to his normal work with the above stated limitations and restrictions, but with no associated pains or problems as a result of this injury.
 " '5. That the plaintiff's employer, Hearn Ford, Inc., had prior knowledge of the previous 1980 injury of the plaintiff at the time it employed the plaintiff.
 " '6. That on April 17, 1987, the plaintiff was employed by Hearn Ford, Inc., and that all the parties were subject to and operating under the Workmen's Compensation Act of Alabama.
 " '7. That on April 17, 1987, plaintiff sustained a ruptured intervertebral disc at L4-5 with nerve root compression on the right, as a result of an injury by accident arising out of and in the course of the said employment, of which accident and injury said employer had notice.
 " '8. That at the time of the injury on April 17, 1987, the plaintiff's average weekly earnings were $450.
" '. . . .
 " '14. That because of said limitations and restrictions placed on the plaintiff, the said bodily impairment of the plaintiff, the said severe pain that the plaintiff experiences, the associated problems the plaintiff experiences with his back, and that, from June 24, 1988, the date upon which the plaintiff reached maximum medical improvement, the plaintiff has been, and, is now permanently and totally disabled from working at his normal trade as an automobile mechanic, is unable to seek or obtain gainful employment, or to be retrained for gainful employment.'
 "The trial court adopted the joint stipulation of facts as its findings of fact and concluded as a matter of law that Hagan was entitled to recover workmen's compensation benefits from the SITF. It stated:
 " '2. This court specifically holds that the plaintiff, James E. Hagan, who suffered a first injury which was non-work-related, and who suffered a subsequent on-the-job second injury, the combined effect of which has rendered him permanently and totally disabled, is entitled to workmen's compensation benefits from the Second Injury Trust Fund pursuant to Section 25-5-57(a)(4)f. of the Alabama Code (1975).'
 "The trial court ordered SITF to pay 20% of the weekly benefits of $300, less attorney's fee, for 300 weeks, and after the 300-week period to commence payments of $300 per week, less a 15% attorney's fee, for the duration of Hagan's total disability. The trial court further awarded a lump sum attorney's fee of $29,372.55 against the SITF based on Hagan's life expectancy of 28.78 years."
The Court of Civil Appeals reversed the trial court's judgment, and held that the first injury must be work-related before the SITF will be liable. The Court of Civil Appeals stated:
 "[F]or the SITF to be liable where the second injury in the employment of another (not in same employment as first injury) causes permanent total disability, we find that the first injury must have been work-related (in employment)."
Second injury trust funds have been established in all of the 50 states, according to Professor Larson, 2 Larson'sWorkmen's Compensation Law § 59.31(a) at 401-03 (1989), to encourage employers to hire handicapped workers. The primary purpose of Second Injury Trust Fund legislation is to remove the competitive employment disadvantage suffered as a result of compensation law by handicapped workers in states having a non-apportionment background, and to remedy the inadequacy of awards to such workers in states that previously apportioned disability. 2 A. Larson, § 59.32.
A majority of the states that have addressed the issue presented in this case have concluded that the Second Injury Trust Fund is liable to the employee who is rendered totally disabled by the second injury, *Page 221 
whether or not the first injury was a work-related compensable injury. The Court of Civil Appeals' determination that to be compensable from the SITF the first injury must be a work-related compensable injury runs counter to the decisions in a majority of states that have considered the question. Most importantly, it runs counter to the express provisions of the controlling Alabama statutes, which we now turn to, keeping in mind that "The Workmen's Compensation Act should be given a liberal construction to accomplish its beneficent purposes, and [that] all reasonable doubts must be resolved in favor of the employee." American Tennis Courts, Inc. v. Hinton,378 So.2d 235, 237 (Ala.Civ.App. 1979), cert. denied,378 So.2d 239 (Ala. 1979).
 "[A]n employee covered under the workmen's compensation law is entitled to be fully compensated for a job-related injury and . . . the provisions of that law should be liberally construed to accomplish just such a result."
Haggard v. Uniroyal, Inc., 423 So.2d 865, 866
(Ala.Civ.App. 1982).
The specific statute controlling the question before us is Alabama Code 1975, § 25-5-57(a)(4)f., which states:
 "If an employee receives a permanent injury as specified in this section after having sustained another permanent injury other than in the same employment, and if the combined effect of the previous and subsequent injury results in permanent total disability, compensation shall be payable for permanent total disability. Compensation for such permanent total disability shall be paid by the employer to the extent that such employer would have to pay compensation for the degree of injury that would have resulted from the accident if the earlier disability or injury had not existed, and the remainder of the amount of such compensation after the completion of such payments by the employer shall be paid by the director of industrial relations as trustee from any amounts from time to time standing to his account as such trustee in the second injury trust fund; provided that in order to qualify for benefits from the second injury trust fund, the employer must have had prior knowledge of the previous injury of the employee, and such previous injury must have been of a disabling nature which adversely affected the employability of the employee."
(Emphasis added.)
In 1975, the legislature undertook a complete revision of the benefits available to injured workers under the Worker's Compensation Act. The title of Act 86, 1975 Ala. Acts, 4th Spec. Session, expresses the legislative intent as to one of the amendments:
"AN ACT
 . . . defining permanent total disability and extending benefits for permanent total disability for the duration of the liability, [and] fixing the employer's and the second injury trust fund's liability in the event a second injury produces permanent total disability. . . ."
The most important expansion of the Worker's Compensation Act provided by the 1975 amendment, as that Act relates to this case, deals with the enactment of § 25-5-57(a)(4)f. — "Second Permanent Injury Resulting in Permanent Total Disability Where First Injury Not in Same Employment." By this amendment, the legislature completely rewrote the prior Code provision and expanded the coverage available from the Second Injury Trust Fund.
Because § 25-5-57(a)(4)f. deals with an injury that was "other than in the same employment," it allows compensation for injuries, handicaps, and disabilities of an employee regardless of whether or not the injury, handicap, or disability resulted from a work-related injury. According to § 25-5-57(a)(4)g., if the first injury was in the same employment as the second injury, the employer is liable for the entire permanent and total disability; therefore, it is clear that §25-5-57(a)(4)f. intended that the SITF, and not the employer, compensate for all other "first" injuries, whether workrelated or not. *Page 222 
The Court of Civil Appeals' construction of §25-5-57(a)(4)f. ignores the intention of the legislature expressed when it enacted the legislation and fails to give effect to the unambiguous language of the statute itself, and, in doing so, defeats the purpose behind the Workmen's Compensation Act and the SITF. The Court of Civil Appeals' reasoning that the 1975 amendment to the predecessor §25-5-57(a)(4)f. (see Ala. Code 1940, Title 26, § 279(E)(2)) retained the language "in the employment of another" from the 1949 statute is erroneous. The legislature omitted the phrase "in the employment of another" and added the phrase "other than in the same employment," thereby indicating an intention to include any injury not in the same employment. The Court of Civil Appeals has read back into the statute what was specifically omitted and changed by the legislature in 1975.
The Court of Civil Appeals noted that since the effective date of the original Act, January 1, 1920, SITF had been liable only if the first injury was work-related. It held, however, that the 1975 legislation did not change that requirement. This misreads the 1975 amendment. It did change that requirement, specifically by omitting "in the employment of another" and substituting for that language "other than in the same employment". This is a material change that we are bound to acknowledge.
For the foregoing reasons, the judgment of the Court of Civil Appeals is reversed and a judgment is rendered for Hagan.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and MADDOX, ADAMS, HOUSTON,* STEAGALL, KENNEDY and INGRAM, JJ., concur.
* Justice Houston did not sit for oral argument but has listened to the tape of the oral argument and has studied the record.