The issue in this case is whether the trial court erred in granting the Rule 60(b), Alabama Rules of Civil Procedure, motion of the claimant, Edward Wiggins, to set aside the judgment entered upon the agreement and settlement of a workmen's compensation claim. We find no error and affirm.
Wiggins entered into a lump sum settlement agreement with his employers, Edward Wiggins Logging Company, and Overstreet 
McCorquodale, Inc., to settle his claim for workmen's compensation benefits arising from an injury to his left index finger. The executed agreement was presented by the parties to the trial court for approval and for entry of a judgment in the amount of $4,002.01 on April 11, 1989, representing 100% disability to the left index finger. Judgment was entered the same day, approving the settlement and the agreement. Excepted from the usual release and discharge of any and all claims was payment of any necessary future medical expenses related to that injury and incurred with the concurrence of the employers' insurer.
Approximately two years later, on May 2, 1991, Wiggins filed a motion to vacate the judgment, alleging, inter alia, that he did not reach maximum medical improvement until more than three months after the date of settlement, that Wiggins was functionally illiterate and unable to understand the nature of his acts or his rights under workmen's compensation laws, and that Wiggins was not represented by counsel at the time of settlement.
We begin our analysis by noting that the trial court has wide discretion in its determination of whether to grant relief pursuant to the rule governing relief from judgments, and its ruling will not be reversed except for an abuse of discretion.Charles Townsend Ford, Inc. v. Edwards, 374 So.2d 900
(Ala.Civ.App. 1979). Further, considering the motion for relief from judgment, the trial court must balance any need to remedy injustice against the need for finality of judgments. Smith v.Smith, 397 So.2d 128 (Ala.Civ.App. 1980).
The trial court had before it the treating physician's progress notes reflecting that Wiggins reached maximum medical improvement as of July 27, 1989, more than three months after Wiggins entered into the settlement agreement, pro se. Our cases are clear that in order for the employee to recover permanent partial or permanent total disability benefits, the employee must have reached maximum medical improvement.Alabama By-Products Corp. v. Lolley, 506 So.2d 343
(Ala.Civ.App. 1987). Further, the record contains the deposition of a psychological evaluation of Wiggins, finding him to be functionally illiterate and within the range of mild mental retardation. This court has previously held a trial court in error for failing to set aside a settlement agreement where an employee was mentally incompetent and lacked legal counsel.Brown v. Murray Security Guard Co., 404 So.2d 79
(Ala.Civ.App. 1981).
The trial court also had before it the deposition of a neurologist, reflecting that what had originally been an injury to his finger had developed into causalgia, a disorder that occurs following an injury, and consists of a sympathetic outflow of pain. As a result, the claimant's arm is painful to the touch, and he has no functional use of his hand. The doctor's opinion was that Wiggins had suffered a 90% impairment to his left arm, based upon its limitation of use. As we stated in Fabarc Steel Supply, Inc. v. Davis, 422 So.2d 797, 799
(Ala.Civ.App. 1982),
 "If opportunity to establish that such condition is related to his injury is denied, he will be forced to live with a settlement entered into on the basis of a possibly erroneous assumption and diagnosis. The relative lack of prejudice to the defendant in having to try plaintiff's claim on the merits compares unfavorably *Page 1096 
to the possible prejudice suffered by plaintiff."
We emphasize that we are exercising no opinion as to the validity of Wiggins' claim, but hold, however, that the trial court did not abuse its discretion in setting aside the settlement and requiring a trial on the merits. For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.