In August 1991, Steven R. Johnson filed a complaint against Pemco Aeroplex, Inc. (Pemco), seeking workmen's compensation benefits and alleging that he injured his back while in the line and scope of his employment with Pemco. Following ore tenus proceedings, the trial court found that Johnson received an injury to his back that arose out of and in the course of his employment with Pemco, that Johnson had reached maximum medical improvement in February 1992, that Johnson suffered a permanent partial disability, and that Johnson suffered a 30% loss of earning capacity as a result of the accident. The trial court awarded benefits accordingly; hence, Pemco appeals.
The dispositive issues on appeal are whether a reasonable view of the evidence supports the trial court's finding that Johnson reached maximum medical improvement in February 1992, and whether the trial court erred in finding that Johnson suffered a 30% loss of earning capacity.
Pemco first contends that there is no evidence in the record to support the trial court's finding that Johnson had reached maximum medical improvement in February 1992.
At the outset, we note that in workmen's compensation cases, our review is limited to initially determining if there is any legal evidence to support the trial court's findings, and then determining whether a reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc.,575 So.2d 91 (Ala. 1991).
Johnson testified that in August 1989, while employed at Pemco, he was attempting to secure a 200-pound piece of machinery, which was falling off a "buggy." Because it was too heavy for him to support, he leaned over to drop it and "felt some light straining" in his back. Johnson testified that he completed his shift and returned to work the following day, but that he began experiencing "severe pain and numbness" in his back after about three hours. He testified that he reported the accident to his supervisor and was sent to the emergency room. He was diagnosed with a muscle strain and medication was prescribed. Johnson testified that although he did not work the next day, he returned to work a couple of days later. *Page 1020 
The record reveals that Johnson sought additional treatment in August 1989 from Philip Tankersley, a chiropractor, who treated Johnson on over fifty separate occasions over a period of approximately two and a half years following the accident. Tankersley testified that Johnson's complaints were fairly consistent throughout this period of treatment. Tankersley's ultimate diagnosis of Johnson's condition was "chronic myofibrositis," which he testified was scar tissue in the muscle fibers, which results in recurrences of back pain and muscle spasms. Tankersley testified that he reached this diagnosis in approximately mid-1990, when he realized that Johnson had more of a chronic back condition.
Tankersley further testified that Johnson would continue to have mid-back pain with certain activities. He placed permanent lifting restrictions on Johnson and recommended that Johnson not engage in heavy manual labor. He testified that Johnson had reached maximum medical improvement. Although it is unclear from the record exactly when he determined that Johnson had reached maximum medical improvement, Johnson's last treatment by Tankersley was in February 1992.
A determination of when maximum medical improvement is reached depends upon the circumstances of each case.Acustar, Inc. v. Staples, 598 So.2d 943 (Ala.Civ.App. 1992). Record evidence discloses that Johnson consistently sought treatment from Tankersley from the time of the accident until February 1992. This evidence supports the trial court's finding that Johnson reached maximum medical improvement in February 1992.
Pemco further argues that no reasonable view of the evidence in this case can support the trial court's finding regarding permanent partial disability and the loss of earning capacity.
William A. Crunk, Ph.D., a vocational expert, testified that he evaluated Johnson on August 27, 1992, for the purpose of rendering a vocational disability rating. He testified that Johnson was thirty-eight years old at the time of the evaluation, that he had an associate degree in computer science, and that he had been employed as a sheet metal fabricator with Pemco.
The record reveals that Johnson began operating a part-time computer business in 1988. Johnson testified that after the August 1989 back injury, he continued his employment with Pemco, but had difficulty performing the heavy lifting associated with his job. Johnson testified that he resigned his employment with Pemco in August 1991, because he was unable to perform his job as a result of the constant back pain; however, he continued to work in his home computer business.
Crunk opined that, based on Johnson's loss of access to heavy and medium work, Johnson had a 34% vocational impairment. The trial court's order stated that after closely reviewing the testimonies of Crunk and Tankersley, it was of the opinion that Johnson had suffered a 30% loss of earning capacity.
The assignment of the extent of the disability is a discretionary function of the trial court. Allen v. DiversifiedProducts, 453 So.2d 1063 (Ala.Civ.App. 1984). In arriving at its judgment, the trial court considers all of the evidence, as well as its own observations, and it interprets what it has heard and observed according to its own best judgment. Acustar,supra. Furthermore, it is the responsibility of the trial court, not this court, to weigh the evidence. Acustar, supra.
On appeal of workmen's compensation cases, the reviewing court must construe facts in a light favorable to the employee. Exparte Neal, 423 So.2d 850 (Ala. 1982). The record contains sufficient evidence supporting the trial court's finding that Johnson suffered a 30% loss of earning capacity, and a reasonable view of that evidence supports the resulting judgment.
While we affirm the issues advanced by Pemco regarding maximum medical improvement and loss of earning capacity, we note a discrepancy in the trial court's order. We are, therefore, compelled to address Pemco's argument regarding the trial court's award of "temporary total disability" benefits. Our review of the trial court's order reveals that the court found that Johnson was entitled to *Page 1021 
165 weeks of accrued permanent partial disability benefits and 134.8 weeks of future benefits; however, the trial court awarded Johnson accrued temporary total disability benefits.
The trial court further found that Johnson had received all temporary total benefits to which he was entitled, indicating at first blush that the trial court intended to award permanent partial disability benefits. A finding that Johnson was entitled to 165 weeks of accrued permanent partial disability benefits, however, is inconsistent with the trial court's finding that Johnson reached maximum medical improvement in February 1992. It appears that the 165 weeks of accrued disability benefits encompassed the time period from August 1989 until October 1992. Part of this time was prior to Johnson reaching maximum medical improvement. In order for an employee to recover permanent disability benefits, he must have reached maximum medical improvement. Edward Wiggins Logging Co. v.Wiggins, 603 So.2d 1094 (Ala.Civ.App. 1992). The trial court's award of accrued permanent partial disability benefits is therefore inconsistent with its finding that Johnson reached maximum medical improvement in February 1992.
Because the trial court's intentions regarding its award cannot be ascertained, this case must be reversed and the cause remanded for the trial court to enter an award consistent with its findings regarding maximum medical improvement and loss of earning capacity.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.