L. CHARLES WRIGHT, Retired Appellate Judge.
On January 19, 1993, Betty Ann Easterly filed a complaint in the Jackson County Circuit Court against Beaulieu of America, Inc., seeking workmen’s compensation benefits. Easterly also asserted various claims against individual defendants who are not pertinent to this appeal. Following an oral proceeding, the trial court entered a judgment, finding that Easterly had developed “discitis,” which is an infection of the disc space, at L4-5 and that Easterly’s “discitis” was not caused by her June 24, 1991, back injury. The trial court entered a judgment in favor of the employer.
Easterly appeals, raising several issues. However, we find the dispositive issue to be whether Easterly’s June 24, 1991, accident and injury caused, or contributed to, her development of “discitis.”
Easterly’s injury occurred on June 24, 1991; therefore, the Workmen’s Compensation Act is controlling. In workmen’s compensation cases, a two-step standard of review is used. Initially, this court must determine if there is any legal evidence to support the trial court’s findings; if such evidence is found, then this court must determine whether any reasonable view of that evidence supports the judgment of the trial court. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). However, this standard of review is applicable to the trial court’s findings of fact and not to its conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala.1993).
At the time of trial, Easterly was 39 years old. She worked for the employer from 1988 until 1992, when she was fired. Easterly testified that she was a process technician at the employer’s facility and that a process technician takes samples of “liquid” and “chips” from “pumps and blowers.” She also testified that on June 24, 1991, she was trying to “hook up A-bed which ... we have A-filter, B-filter, and two beds. To do this, you have caustic ... acid to add.” Easterly testified that when she tried to move a 55-gallon drum off a pallet close to the beds, the drum shifted and fell on her, her right wrist and left leg immediately swelled to twice their normal size, and her back and ribs began hurting. Easterly sought treatment and was eventually referred to Dr. James Stanford Faulkner, Jr., an orthopedic surgeon specializing in spinal disorders.
Dr. Faulkner testified by deposition that he initially saw Easterly on March 13, 1992, and that she complained of lower back and buttock pain. He also testified that he examined Easterly and found that she had a decreased range of motion and tenderness in the “facet area.” Dr. Faulkner testified that he performed a “facet” block on Easterly, which relieved Easterly’s back pain for approximately four days, and that he continued to treat Easterly and tried another “facet” block, which was unsuccessful.
On April 30,1992, Dr. Faulkner performed a “discogram,” which is the injection of dye *399 into the disc space at the lower three vertebrae. Once the dye was injected, X-rays of Easterly’s spine were taken. Easterly’s dis-cogram results were normal on all three levels. Easterly returned to Dr. Faulkner on May 19, 1992, complaining of severe pain. Dr. Faulkner diagnosed Easterly as having “diseitis” and performed a needle biopsy and an MRI. He testified that this MRI revealed dramatic changes from the MRI performed on Easterly a day or two before the discogram, and he admitted Easterly to the hospital and treated her with intravenous antibiotics for one month. Easterly received intravenous antibiotics for several months after her release from the hospital.
Dr. Faulkner further testified that although trauma can cause “diseitis,” in his opinion, the discogram injection caused Easterly’s “diseitis” because Easterly’s April 1992 MRI was normal and her May 1992 MRI showed dramatic changes. He also testified that the discogram was necessitated by Easterly’s June 24, 1991, injury, and that Easterly has a permanent partial impairment as a result of her injury and the “diseitis,” although he had not determined the percentage of impairment.
In reviewing workmen’s compensation cases, we are ever mindful that the Workmen’s Compensation Act is to be liberally construed so as to effect its beneficent purposes and that all reasonable doubts must be resolved in favor of the employee. Ex parte Hagan, 607 So.2d 219 (Ala.1992); Moore v. Reeves, 589 So.2d 173 (Ala.1991). It is not necessary that the employee’s injury be the sole cause, or dominant cause, of Easterly’s disability, so long as it is a contributing cause. Ex parte Valdez, 636 So.2d 401 (Ala.1994).
Based upon our review of the record, we conclude that Easterly’s June 24,1991, injury caused, or contributed to, her “diseitis” because that injury necessitated the discogram, which caused the diseitis. Dr. Faulkner’s testimony clearly established that the disco-gram caused, or contributed to, Easterly’s “diseitis.” The trial court erred in holding that Easterly’s diseitis was not a compensa-ble injury and in failing to award Easterly workmen’s compensation benefits. Valdez, supra.
Accordingly, the judgment of the trial court is reversed and the cause remanded to the trial court with directions to determine the percentage, if any, of Easterly’s permanent partial or permanent total disability arising from her initial injury and the treatment necessarily arising from that injury, including the diseitis. Ex parte Valdez, supra.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
MONROE, J., concurs specially.
CRAWLEY and THOMPSON, JJ., dissent.