THOMPSON, Judge.
This is an appeal from a judgment awarding permanent partial disability benefits under the Workers’ Compensation Act.
Dalton Vance Pollard was struck by a forklift in the course of his employment for Three M Company. He was injured in the lower back. He sued Three M for workers’ compensation benefits. This case was tried before a judge on July 19, 1995, and following the trial the judge took the matter under advisement. It was not until April 2, 1997, *923 that the judge entered a judgment; that judgment provided:
“After consideration of all the evidence in this ease, the Court finds that the Plaintiff has suffered a 20% permanent partial disability to the body as a whole.
“1. That the employer paid all medical benefits to which the Plaintiff was entitled as a result of the accident made the basis of this suit.
“2. That at the time of the injury the Plaintiff’s average weekly wage, for the purposes of determining benefits is $665.03. At the time of the hearing the Plaintiff was still employed by the Defendant and all employer-provided benefits were still in full force and effect.
“3. That the Defendant paid 17 weeks of temporary total disability benefits with the last date of payment being on August 1,1994.
“4. That the Plaintiff is entitled to 116 weeks of accrued benefits from the date of the last payment of temporary total disability benefits on August 1, 1994 until November 8,1996.
“5. That, in addition, the Plaintiff is entitled to 167 weeks of future benefits which have a present value of 151.8650 weeks.
“6. That the compensation rate to be applied to said weeks of benefits is $88.71 which is 20% of the Plaintiff’s stated average weekly wage of $665.03.[1]
“7. That the Plaintiff shall have and recover the sum of $9,225.84 which represents the accrued benefits as of November 8, 1996, to which the Plaintiff is entitled as a result of said accident. Of said amount, the sum of $1,383.87 is hereby approved for Robert W. Lee, Jr. as attorney for the Plaintiff. The remaining $7,841.97 shall be paid to the Plaintiff.
“8. That the present value of future benefits owed to the Plaintiff is $13,471.94. Therefore, an attorney’s fee of 15% of the present value of said amount, or the sum of $2,020.79 is hereby set for Robert W. Lee, Jr. as his fee for representing the Plaintiff.
“9. That beginning on November 8, 1996 and continuing for a period of 167 weeks the Plaintiff shall have and recover the sum of $75.41 per week which represents the Plaintiff’s permanent partial disability rate minus 15% so that the Defendant can recapture the attorney’s fees awarded hereunder.
“10. That the Defendant shall remain responsible for all future medical benefits and vocational rehabilitation benefits to which the Plaintiff is entitled subject to the terms and conditions of the Alabama Workers’ Compensation Act.
“11. That costs of this matter shall be taxed against the Defendant for which let execution issue.
“12. That Robert W. Lee, Jr. as attorney for the Plaintiff, is hereby authorized to recover any and all reasonable expenses incurred by him in the prosecution of the Plaintiff’s claim. All sums awarded hereunder shall be subtracted from the amount awarded to the Plaintiff and shall not be in addition thereto.”
Pollard filed a motion to alter, amend, or vacate the judgment, under Rule 59, Ala. R. Civ. P., requesting the trial court to correct certain mathematical calculations contained in the order that he contended were erroneous. The trial court did not rule on this motion, and it was denied by operation of law. Pollard appeals, contending that the order contains several errors in calculating his benefits. Specifically he disputes the number of weeks of accrued benefits that the trial court determined he should receive. Pollard claims that his benefits began accruing on the date of the injury and that the trial court erroneously determined that his benefits had accrued from of August 1, 1994, the date of the last payment of his temporary total benefits. We disagree. Alabama case-law clearly provides that an employee must reach maximum medical improvement in order to recover permanent partial or permanent total disability payments. Edward Wiggins Logging Co. v. Wiggins, 603 So.2d 1094 (Ala.Civ.App.1992). The order recites that Dr. Martin Salmon placed Pollard at maximum medical improvement as of June 2, *924 1994. Pollard was therefore entitled to receive permanent partial benefits from June 2, 1994. However, Pollard received temporary total benefits until August 1, 1994; thus, the trial court concluded that permanent partial benefits began accruing on August 1, 1994. We note that Three M did not seek any credit for the extra payments of temporary total benefits. Therefore, we find no error in this determination by the trial court.
In addition Pollard contends that the trial court erred in determining that his benefits accrued only up through November 8, 1996. We agree. Accrued benefits are those due and owing at the time the order is entered. Future benefits are those that have not yet accrued. See Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988). Using August 1, 1996, as the date that the permanent partial benefits began to accrue, the trial court erroneously determined that 116 weeks of benefits had accrued up through November 8, 1996, in its final judgment, which was entered on April 2, 1997. Our calculations indicate that 139 weeks of benefits had accrued by April 2, 1997. Counsel for Three M explains that November 8, 1996, was the deadline by which the trial court had ordered counsel for both parties to submit proposed orders. Counsel for Three M explained that the proposed order he had prepared had been drafted as if it were entered on the date the order was submitted to the court. For this reason, in its proposed order, Three M had used the date November 8, 1996, as the final date through which benefits had accrued. Counsel for Three M argues that because there is a rational explanation for the use of the date November 8, 1996, the court’s use of this date was not arbitrary and capricious. While we find this explanation enlightening, the fact remains that the use of this date as the final date through which to determine accrued benefits is error. The trial court’s use of the incorrect date for the date through which benefits were accrued caused a number of weeks of benefits that had actually been accrued to be incorrectly classified as future benefits. These accrued benefits that had been erroneously classified as future benefits were discounted by 6%, as provided by Ala.Code 1975, § 25-5-83, causing an incorrect reduction in Pollard’s award.
Accordingly, we reverse this portion of the judgment and remand the cause to the trial court for recalculation of the number of weeks of accrued and future benefits. The remainder of the judgment is affirmed. The time periods utilized in this opinion were used as if the accrued benefits and future benefits were awarded on the date the trial court entered its final judgment. During the pendency of this appeal, these time periods have changed; thus, on remand the trial court is instructed to determine the number of weeks during which benefits have accrued from the date August 1, 1994, through the date on which it enters its amended final judgment consistent with this opinion. Also, there appears to be a mathematical error in paragraph number 6 of the trial court’s “Findings of Fact and Conclusions of Law.” This court is unable to discern the exact nature of that error. We direct the trial court, upon remand, to set out in detail the method by which the amount of the weekly benefit was obtained.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.

. This calculation appears flawed. We address this problem later.