It is clear that the majority, by remanding for the trial court to find Easterly permanently totally disabled or to enter a "reasonable permanent partial disability" award, is substituting its judgment for that of the trial court. I must respectfully dissent.
As I pointed out in my dissent in Easterly I, the record contains extensive evidence that calls Easterly's credibility into question. See Easterly v. Beaulieu of America, Inc.,703 So.2d 397 (Ala.Civ.App. 1997) (Thompson, J., dissenting). The trial court noted the inconsistencies between Easterly's testimony and the pleadings and evidence. After observing Easterly in the courtroom, the trial court stated in its order that it "[did] not find [Easterly] to be suffering from the degree of pain which she attributes to this injury."
It is well settled that a trial court is not bound by the testimony and opinions of expert witnesses, even if that testimony is uncontroverted. Reed v. James R. Fincher TimberCo., 659 So.2d 660 (Ala.Civ.App. 1995); Knight v. NTN-BowerCorp., 607 So.2d 262 (Ala.Civ.App. 1992); Rogers v. ChryslerMotors Corp., 587 So.2d 367 (Ala.Civ.App. 1991); DeHart v.Ideal Basic Industries, Inc., 527 So.2d 136 (Ala.Civ.App. 1988).
 "A trial court is not bound to accept a physician's assigned impairment rating and is free to make its own determination as to an employee's impairment. Checker's Drive-In Restaurant v. Brock, 603 So.2d 1066 (Ala.Civ.App. 1992). The impairment rating assigned by a physician is but one factor a court may consider in satisfying its duty to determine the extent of one's disability. The trial court has the duty to determine the extent of disability and is not bound by expert testimony in making that determination; yet, in making its determination, it must consider all the evidence, including its own observations, and it must interpret the evidence in accordance with its own best judgment. Wolfe v. Dunlop Tire Corp., 660 So.2d 1345 (Ala.Civ.App. 1995). To hold that . . . the trial court could not consider evidence of physical impairment, other than the physician's assigned impairment rating, would usurp the trial court's duty to determine disability and would place that duty solely in the hands of the physician."
Fuller v. BAMSI, Inc. 689 So.2d 128, 131 (Ala.Civ.App. 1996) (emphasis added).
The trial court was free to make its own decision regarding the extent of Easterly's disability; it was not required to accept the disability ratings assigned to Easterly by the various experts. I find that a "reasonable view of the evidence support[s] the trial court's [judgment]." Ex parte EastwoodFoods, Inc., 575 So.2d 91, 95 (Ala. 1991). I would affirm; therefore, I must respectfully dissent.
CRAWLEY, J., concurs. *Page 412