Avondale Mills, Inc. ("the company"), appeals from the trial court's award of workers' compensation benefits to Donald Ray Gallups ("the worker"). We reverse and remand.
The worker sued the company seeking to recover workers' compensation benefits, alleging that he had suffered a job-related accident or occupational disease as a result of his exposure to cotton dust in the course of his employment with the company. The company answered and denied liability. Following an ore tenus proceeding, the trial court entered an order finding that the worker suffered from occupational asthma and granulomatous lung disease as a result of his employment and that he was permanently and totally disabled; the trial court awarded benefits accordingly. The company filed a motion to alter or amend the trial court's judgment, or, in the alternative, for a new trial. The trial court amended its judgment insofar as it related to a lump-sum award of total-disability payments and the award of an attorney fee. The company filed a notice of appeal to this court.
On appeal, the company argues that the trial court erred by awarding workers' compensation benefits to the worker because, it says, (1) the worker failed to present clear and convincing evidence to support that he has an occupational disease; (2) the worker failed to prove that he had reached maximum medical improvement ("MMI"); and (3) the worker failed to prove that his condition was permanent in nature. The standard of review this court employs when reviewing a trial court's judgment in a workers' compensation case is well-settled. The Workers' Compensation Act, §25-5-1 et seq., Ala. Code 1975, provides that "[i]n reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness." § 25-5-81(e)(1), Ala. Code 1975. Our supreme court has stated the standard of review to be employed as to a trial court's findings of fact as follows:
 "[U]nder the applicable standard of review, we will not reverse the trial court's finding of fact if that finding is supported by substantial evidence — if that finding is supported by `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'"
Ex parte Trinity Indus., Inc., 680 So.2d 262, 268-69 (Ala. 1996) (quotingWest v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989), and citing § 12-21-12(d), Ala. Code 1975). See also §25-5-81(e)(2), Ala. Code 1975. Further, "[t]he [1992 Workers' Compensation] Act did not alter the rule that this court does not weigh the evidence before the trial court." Edwards v. Jesse Stutts, Inc.,655 So.2d 1012, 1014 (Ala.Civ.App. 1995).
We find one issue raised by the company to be dispositive of this appeal — whether the worker failed to prove that he had reached MMI. Dr. Louis Pappas testified by deposition for the employee. During the deposition, Dr. Pappas testified during *Page 239 
direct examination by the worker's counsel, in pertinent part, as follows:
 "Q. And I offer Plaintiff's Exhibit 1 [a document entitled `Avondale Mills Sick and Accident Pay' containing an `Attending Physician's Statement' section in which Dr. Pappas indicated that he had diagnosed the worker with occupational asthma and `brown lung.']. Dr. Pappas, [the worker] has testified in his deposition, and I expect him to testify at trial, that he has difficulty even rolling his garbage can from his door out to the street, that he becomes extremely short of breath and he has virtually no stamina any longer. Would those complaints or that history be consistent with this occupational asthma we've discussed?
"A. Oh yeah, it sure could be.
 "Q. And does the fact that he has continued to have those types of symptoms and complaints since he left the cotton mill at [the company] in May of 2001 lead you to believe that that condition is permanent in nature?
[Counsel for the company made an objection.]
"Q. Go ahead.
 "A. I think that for the foreseeable future he is disabled. What the future holds as he gets away from this and whether this will resolve remains to be seen. I mean, I don't know the answer to that.
"Q. And is that because you just I guess wait and see.
 "A. One has to follow it, and sometimes these things burn out, sometimes they're ongoing. . . ."
On cross-examination by the company's counsel, Dr. Pappas stated that he did not know the answer, to a reasonable degree of medical certainty, to the question whether the worker had reached MMI. Further, the trial court noted in its order as follows:
 "While no specific witness testified to a specific day as to when the [worker] reached [MMI], based upon the totality of the evidence the Court finds that the [worker] reached [MMI] in or around February, 2002, after which Dr. Pappas opined that the [worker] continued to be disabled and would remain so for the foreseeable future."
Our supreme court recently reaffirmed a series of cases from this court holding that a trial court may not determine that a workers' compensation claimant is permanently disabled when the worker has not reached MMI. InEx parte Phenix Rental Center, [Ms. 1012284, June 20, 2003] 873 So.2d 226
(Ala. 2003), the supreme court examined four cases decided by this court: Alabama By-Products Corp. v. Lolley, 506 So.2d 343 (Ala.Civ.App. 1987); Pemco Aeroplex, Inc. v. Johnson, 634 So.2d 1018 (Ala.Civ.App. 1994); Edward Wiggins Logging Co. v. Wiggins, 603 So.2d 1094
(Ala.Civ.App. 1992); and Hillery v. MacMillan Bloedel, Inc., 717 So.2d 824
(Ala.Civ.App. 1998). The supreme court cited Alabama By-Products for the proposition that it is premature for a trial court to determine that a worker is permanently and totally disabled when the only testimony was that the worker had not reached MMI. Edward Wiggins Logging Co., supra, was quoted by the supreme court in Phenix Rental Center for the proposition that: "'Our cases are clear that in order for the employee torecover permanent partial or permanent total disability benefits, theemployee must have reached maximum medical improvement. AlabamaBy-Products Corp. v. Lolley, 506 So.2d 343 (Ala.Civ.App. 1987).'" 873 So.2d at 230-31 (quoting Edward Wiggins Logging Co., 603 So.2d at 1095 (emphasis supplied in Phenix Rental Ctr.)). This court's opinions inPemco and Hillery, supra, were quoted in Phenix Rental Center for this same statement of law. In Phenix *Page 240 Rental Center, supra, the supreme court concluded that because the evidence before the trial court was that the worker had not reached MMI, the trial court had prematurely determined that the worker was permanently disabled.
We also note that this case is very similar to Hillery, supra, because in this case the only medical testimony was that the question whether the worker had reached MMI could not be answered. Without any definitive testimony to support that the worker had in fact reached MMI, we find the trial court's assignment of the MMI date to be without support. Thus, as we did in Hillery, we reverse the trial court's judgment and remand the cause to the trial court in order for it to conduct a further evidentiary proceeding[1] to determine whether the worker has reached MMI and, if so, to determine the date he reached MMI. Accordingly, it is unnecessary to address the remaining issues raised by the company at this time.
REVERSED AND REMANDED.
Yates, P.J., and Thompson and Pittman, JJ., concur.
Murdock, J., concurs in the result.
[1] See Phenix Rental Center, 873 So.2d at 235-36 ("Because our reversal of the Court of Civil Appeals' judgment in this case is based on the absence of evidence from which the trial court could have made a determination of any degree of permanent disability, we recognize that afurther evidentiary proceeding will be required.") (emphasis added).