Halsey sought and obtained a trial and a judgment as to the degree of his disability and the extent to which he was entitled to compensation benefits. As the main opinion notes, "[i]t is well settled that in order for an employee to recover permanent partial or permanent total disability benefits the employee must have reached MMI. Ex parte Phenix Rental Ctr., 873 So.2d 226
(Ala. 2003); Hillery v. MacMillan Bloedel, Inc., 717 So.2d 824
(Ala.Civ.App. 1998); Edward Wiggins Logging Co. v. Wiggins,603 So.2d 1094 (Ala.Civ.App. 1992); Pemco Aeroplex, Inc. v.Johnson, 634 So.2d 1018 (Ala.Civ.App. 1994); and AlabamaBy-Products Corp. v. Lolley, 506 So.2d 343 (Ala.Civ.App. 1987)."897 So.2d at 1148. Halsey cannot now use his own failure to meet his burden of proving that he had reached MMI as an excuse for seeking reversal of a judgment that was not as favorable to him as he had hoped it would be. I therefore would affirm the trial court's judgment.