On Application for Rehearing
This court's no-opinion affirmance issued on April 14, 2006, is withdrawn, and the following is substituted therefor.
This is a workers' compensation case. Donald Ray Gallups ("the worker") sued Avondale Mills, Inc. ("the company"), seeking to recover benefits for pulmonary problems that, he alleged, were caused by his exposure to cotton dust in the company's textile factory. The trial court's judgment awarded permanent and total disability benefits to the worker. The company timely appealed, first in 2003 — whereupon this court reversed the trial court's judgment and remanded the case for a determination as to whether the worker had reached maximum medical improvement inAvondale Mills, Inc. v. Gallups, 873 So.2d 237
(Ala.Civ.App. 2003). On remand, the trial court conducted another trial, and it subsequently entered a judgment that determined, among other things, that the worker had reached maximum medical improvement, and again it awarded the worker permanent and total disability benefits. The company once more timely appealed, and this court initially affirmed the judgment of the trial court without an opinion on April 14, 2006. The company then timely filed an application for a rehearing, and, upon further examination of the record, we now withdraw our previous no-opinion affirmance and dismiss the appeal because the trial court's judgment is nonfinal.
Although neither party in this case ever raised the issue of this court's jurisdiction, it is well settled that "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu."Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987) (citingHorn v. Dunn Bros., Inc., 262 Ala. 404, 79 So.2d 11
(1955)). As this court stated in Williams Power, Inc. v.Johnson, 880 So.2d 459, 461 (Ala.Civ.App. 2003), we note the following regarding final judgments:
 "`It is well established that a final judgment is a "terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants." Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App. 1986). Further, the judgment must be conclusive and certain with all matters decided, including the assessment of damages with specificity for a sum certain determinable without resorting to extraneous facts.' *Page 948 
 "Dees v. State, 563 So.2d 1059, 1061
(Ala.Civ.App. 1990) (emphasis added). See, e.g., Moody v. State ex rel. Payne, 351 So.2d 547, 551
(Ala. 1977) ('Where the amount of damages is an issue . . . the recognized rule of law in Alabama is that no appeal will he from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.')."
In Williams Power, we held that because the trial court had not specified the amount of damages pertaining to a worker's past medical expenses, the appeal was from a nonfinal judgment. Id. at 461. In this case, the trial court's judgment addressed the award of medical expenses with only the following statement:
 "All necessary and reasonable medical expenses that have resulted and that will result from [the worker's] job related injury and exposure shall be paid by the [company] beginning from the date of the filing of this action, May 23, 2001 forward."
As in Williams Power, the trial court in this case did not make an award for a sum certain for the worker's past medical expenses, yet it purported to award the worker damages for past medical expenses. Therefore, unfortunately, we are compelled to dismiss this appeal because it is from a nonfinal judgment.
APPLICATION OVERRULED; NO-OPINION AFFIRMANCE OF APRIL 14, 2006, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.